## David Sattler v. Walter D. Oliver et al.
## Gen. No. 13,579.

1. RECOVERY—*what essential to, where reliance is placed upon executed contract.* In order to recover under an executed contract, it is essential that the plaintiff show, upon his part, full performance of such contract.

2. PRINCIPAL AND AGENT—*when contract for sale and conveyance unauthorized.* A contract for the sale and conveyance of real estate is beyond the authority of the agent to execute where it makes provision with respect to the furnishing of an abstract or a guaranty policy, etc., the letter of authority making no provision therefor.

3. REAL ESTATE COMMISSIONS—*when broker not entitled to recover.* A broker is not entitled to recover commissions upon a' sale negotiated if the terms of sale made by him upon behalf of his principal are in excess of the authority conferred upon him by such principal.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Reversed with finding of facts. Opinion filed December 24, 1907.

ROSENTHAL & HAMILL, for appellant; CHARLES GOODMAN, of counsel.

TODD & MORRISON, for appellees.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

In an action of *assumpsit* by appellees against appellant to recover commissions or compensation for services alleged by them to be due to them from appellant for selling certain real estate of the appellant, the cause was submitted to the court and a judgment rendered for the plaintiffs for $1,500 and the defendant appealed.

Monday, March 19, 1906, the following instrument was signed by defendant and delivered to the plaintiffs:

"March 19, 1906.

MESSRS. OLIVER & COMPANY,
    110 Dearborn St., Chicago;
    DEAR SIRS: You are hereby authorized to sell my

State Street property—No. 1606-1608, otherwise described as Lot 4, in Block 1, in Canal Trustees' New Sub. of the Southeast frac. ¼ Sec. 21, Township 39 North, Range 14, East of the 3rd P. M., being 50 X 150 feet in dimensions at the price of $50,000.00, payable ¼ cash balance 1, 2 and 3 years at 5% interest.

In case of a sale at this price I agree to pay you the sum of $1500.00 for your services.

This authority is good for one week from date hereof.

Yours truly,

DAVID SATTLER.''

As early as Friday, March 22, Lawrence Heyworth stated to plaintiffs that he was willing to purchase said property at the price mentioned in said instrument, but did not want his name disclosed. He suggested that the contract be made with his chief janitor, George F. Mahler, and Oliver suggested that it be made with Sprague Moore, an employe of plaintiffs. A contract of sale between defendant and Moore was then prepared and taken to defendant, who said that he would have the instrument examined by his lawyer and call at plaintiffs' office at one o'clock. He did not call at that time nor until some days afterwards. Saturday, March 24, Heyworth sent Mahler to plaintiffs' office to have a contract made with Mahler in place of Moore, and thereupon a written contract for the sale of said lands by defendant to Mahler was prepared by plaintiffs, signed by them in defendant's name as, "his duly authorized agents," and by Mahler. The fact that Heyworth was interested in said contract or that Mahler was acting for him was not disclosed to defendant before the trial of this cause.

The rights of the parties depend upon the express contract made by the letter of defendant of March 19, and its acceptance by plaintiffs. The authority of plaintiffs to act for defendant is derived from that contract alone. Plaintiffs in this action relied upon an executed contract, and they could recover only by showing a full performance of the contract on their part. Lawrence v. Rhodes, 188 Ill. 96.

The letter of March 19 provides that, "in case of a sale at this price, I agree to pay you $1,500 for your services."

The instrument signed March 24, 1906, is in terms a contract between defendant and Mahler. It is immaterial that Mahler may have been acting for Heyworth, or that Heyworth may have been willing to buy the property at the price and upon the terms prescribed in the letter of March 19. Heyworth was informed by telephone of the signing of the instrument March 24, and that instrument must be held to contain and express the contract of purchase he was willing to enter into. The contract with Mahler has never been ratified by defendant. On the contrary, it was promptly repudiated by him, on the ground, among others, that it differed materially from the contract of sale defendant had authorized plaintiffs to make for him in and by the letter of March 19. The authority of plaintiffs under that letter was to sell the property at the price and upon the terms therein stated. If they ever made a sale of the property for the defendant, such sale was made in and by the instrument executed March 24. If that instrument was not within their authority, was not binding upon defendant, then plaintiffs made no sale of defendant's property and had no right of action against him for any services they may have rendered in attempting to effect such sale.

In passing upon the question whether the instrument of March 24 was binding upon the defendant, we shall only consider the question whether it was, in its provisions, such a contract of sale as the plaintiffs were authorized to make for defendant by his letter of March 19. The letter contains ten printed lines, the contract covers four printed pages. We shall not attempt to state all of its provisions, which we think are not within the authority given by defendant to plaintiffs. The authority given to plaintiffs was to sell said property, "at the price of $50,000, payable ¼ cash, balance in 1, 2 and 3 years at 5% interest."

The contract recites that Mahler has paid $2,000 as earnest money and agrees to pay "within five days after the title has been examined and found good, or accepted by him, said insurance premium and the further sum of ten thousand five hundred ($10,500.00) Dollars, at the office of——————Chicago, provided a good and sufficient general warranty deed, conveying to said purchaser a good and merchantable title to said premises (subject as aforesaid), shall then be ready for delivery. The balance to be paid as follows: Twelve thousand five hundred (12,500) dollars on or before one (1) year from date of delivery of deed. Twelve thousand five hundred (12,500) dollars on or before two (2) years from date of delivery of deed; twelve thousand five hundred (12,500) dollars on or before three years from date of delivery of deed with interest from the date of delivery of deed at the rate of five (5) per cent."

It further provides: "Should said purchaser fail to perform this contract promptly on his part, at the time and in the manner herein specified, the earnest money paid as above, shall, at the option of the vendor, be retained by the vendor as liquidated damages, and this contract shall thereupon become and be null and void. Time is of the essence of this contract, and of all the conditions hereof," although there is no mention of liquidated damages in the letter of authority.

It further provides that, "A complete merchantable Abstract of Title, or merchantable copy, brought down to date hereof, or merchantable Guaranty Policy, shall be furnished by the vendor within a reasonable time, which abstract shall, upon the consummation of this sale, remain with the vendor, or his assigns, as part of his security, until the deferred installments are fully paid. The purchaser or his attorney, if an abstract or copy be furnished, shall, within ten days after receiving such abstract, deliver to the vendor or his agent, (together with the abstract), a note or

memorandum in writing, signed by him or his attorney, specifying in detail the objections he makes to the title, if any; or if none, then stating in substance that the same is satisfactory.. In case material defects be found in said title, and so reported, then if such defects be not cured within sixty days after such notice thereof, this contract shall, at the purchaser's option, become absolutely null and void, and said earnest money shall be returned,'' although there is no mention of either abstract or guaranty policy in the letter of authority.

It further provides that, ''This contract and the said earnest money shall be .held by Oliver & Company for the mutual benefit of the parties concerned, and after the consummation of the sale....he....shall be at liberty to retain the cancelled contract permanently; and it shall be the duty of said Oliver & Company in case said earnest money be retained as herein provided, to apply the same, first, to the payment of any expenses incurred for the vendor by his agent in said matter, and second, to the payment to vendor's broker of a commission of $1,500 for his services in procuring this contract rendering the overplus to the vendor.''

All of the provisions of said contract above set forth are, in our opinion, outside of the authority conferred upon plaintiffs by the letter of authority.

In Monson v. King, 144 Ill. 248, the authority was to sell for one-half cash, balance in one, two and three years, with interest at six per cent.; and it was held that such authority did not authorize the making of a contract by which such payments might be made on or before such times, at the option of the purchaser, and that the owner of the land, ''had the right to prescribe the terms upon which his land should be sold, and having done so, in express terms the stipulation must be substantially followed.'' To same effect are: Kozel v. Dearlove, 144 Ill. 23; Hoyt v. Shipherd, 70 id. 309; Speer v. Craig, 16 Colorado, 478.

In Baskema v. Searle, 116 Iowa 374, where Snyders, the agent, inserted on an alleged contract of sale a provision that the owner, his principal, should furnish an abstract of title, it was said (p. 377) : "The terms of the alleged sale were not such as Snyders was authorized to make. There was no agreement by defendant to furnish an abstract of title at his own cost, * * *. Snyders' authority was limited to the precise terms given by defendant."

To the same effect are: Crosthwaite v. Lebus, 146 Ala. 525; Hunt v. Tuttle, 125 Iowa 676.

We think that upon their own showing, plaintiffs cannot recover in this case. They made a contract of sale different from the one they were authorized to make. There is no claim that defendant ratified the contract plaintiffs assumed to make for the defendant.

The judgment will be reversed with a finding of facts and the cause will not be remanded.

*Reversed with finding of facts.*