THE COUNTY OF LAKE, Plaintiff-Appellant, *v.* X-Po SECURITY POLICE SERVICE, INC. *et al.*, Defendants-Appellees.

(No. 73-430; )

Second District (1st Division)—April 24, 1975.

Jack Hoogasian, State's Attorney, of Waukegan (Julius Abler, Assistant State's Attorney, of counsel), for appellant.

William E. Hartnett, of Waukegan, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

On May 24, 1973 a complaint was filed by the State's attorney of Lake County entitled:

> "PEOPLE OF THE STATE OF ILLINOIS,
> Ex Rel JACK HOOGASIAN, State's Attorney
> in and for the County of Lake, State of
> Illinois, and the COUNTY OF LAKE, State
> of Illinois, a body corporate and politic
>
> Plaintiffs
>
> vs.
>
> X-PO SECURITY POLICE SERVICE, INC.,
> a domestic corporation; CHARLES M.
> FLETCHER, DOROTHY J. FLETCHER, JOHN
> DOE, ONE to TEN
>
> Defendants"

The original complaint has not been furnished this court; however, a memorandum of the trial judge filed on the 19th of July, 1973, and signed by the trial judge in which he states that the complaint should be dismissed for want of equity, has been furnished this court. It would appear that the original complaint was not, in fact, dismissed by the trial court.

Nonetheless, on August 8, 1973, after due notice, the State's attorney of Lake County filed an amended complaint entitled:

> "COUNTY OF LAKE, STATE OF ILLINOIS,
> a Body Corporate and Politic,
>
> Plaintiff
>
> vs.
>
> X-PO SECURITY POLICE SERVICE, INC.,
> a domestic corporation; CHARLES M.

FLETCHER, DOROTHY J. FLETCHER,
JOHN DOE, ONE to TEN,
Defendants"

The motion of the defendants to strike and dismiss the amended complaint was filed on August 24, 1973, and on September 17, 1973, the trial court, stating that it had heard the arguments of counsel, ordered that the amended complaint be stricken and dismissed for want of equity. No transcript of the hearing thereon has been furnished this court. The plaintiff, the County of Lake; through the State's attorney, appeals.

The amended complaint is in two counts. The first count states in substance that X-PO Security Police Service, Inc., Charles M. Fletcher, Dorothy J. Fletcher and John Doe One to Ten were serving civil process in the County of Lake from January, 1973, and for an unknown period prior to January, 1973, without authority and have been collecting fees for the service of process. The complaint further states that all the defendants except X-PO are deputy sheriffs of Lake County and that they are without authority to serve process in any capacity except that of deputy sheriff. The complaint further states that the defendants have been retaining the fees for their own use and benefit and that the fees for the service of process are the property of the County of Lake. Plaintiff further states that the fees collected are being held by defendants as trustees of a constructive trust for the benefit of the County of Lake. Plaintiff further states that the injuries suffered by the County of Lake cannot be adequately redressed in an action of law; that the fees constitute the subject matter of a constructive trust; that the defendants are accountable to the plaintiff for the subject matter of the constructive trust and that the County of Lake cannot be adequately redressed unless an injunction is issued enjoining the defendants from further retaining fees collected for service of process.

The second count of the complaint states that the service of civil process by the defendant corporation, X-PO, is ultra vires and in support thereof has attached a copy of the Articles of Incorporation of the X-PO company. The second exhibit attached to the amended complaint is a letter of solicitation from the "X-PO Security Police Service, Inc." in which the defendant states the following:

"Sir:

Following are seven reasons why you should use X-Po Security Service, Inc., when you have any Legal Process to be served.

(1) Our men are deputized. This eliminates the need to have anyone made a special deputy.

(2) Our men are fast and efficient and know the area.

(3) Our rates are the best in the business.

(4) We serve legal process at anytime of the day or night.

(5) Returns are typed out by our office, thus eliminating work for your secretary.

(6) We bill you *after* the papers have been returned.

(7) We only charge *one* mileage, regardless of the number of papers to be served.

We hope we can do business with you. If you have any questions do not hesitate to call.

Sincerely,
Charles M. Fletcher
X-PO"

We consider first Count II of the complaint. Section 8 of The Business Corporation Act of 1933 (Ill. Rev. Stat. 1973, ch. 32, par. 157.8.) states the following:

"No act of a corporation * * * shall be invalid by reason of the fact that the corporation was without capacity or power to do such act * * * but such lack of capacity or power may be asserted:

(a) In a proceeding by a shareholder * * *.
(b) In a proceeding by the corporation * * *.
(c) In a proceeding by the State * * *."

The defendants in their motion to strike and dismiss the amended complaint contended that only a stockholder or the State of Illinois may be a party to allege the charge of ultra vires. This is correct. Count II of the complaint was properly dismissed. In this appeal the plaintiff does not challenge the dismissal of Count II except to say that "X-PO, a domestic corporation, is nowhere authorized in its charter to serve civil process."

As to Count I, substantially the issues presented by the plaintiff are as follows:

1. Whether the amended complaint stated a cause of action for equitable relief.

2. Whether the deputy sheriffs, by reason of their office and oath of office, are fiduciaries for the County in which they have been deputized.

3. Whether Article VII, Sec. 9(a) of the 1970 Illinois Constitution places an obligation upon X-PO and the other defendants to hold the fees for the benefit of the County of Lake and to account therefor.

The 1970 Illinois Constitution, article VII, section 9(a) provides in pertinent part:

"Compensation of officers and employees and the office expenses of units of local government shall not be paid from fees collected.

Fees may be collected as provided by law and by ordinance and shall be deposited upon receipt with the treasurer of the unit."

■■ More succinctly stated perhaps, the issues really presented are whether or not the complaint states a cause of action and whether the motion to dismiss was properly granted. It would appear that the order of dismissal, as indicated by the memorandum of the trial court in support of dismissal of the original complaint, is based upon the statement therein, "It is not necessary that service be made by Sheriff or Coroner of the county in which service is made." Section 13.1 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 13.1) provides as follows:

"Writs shall be served by a sheriff, or if he is disqualified, by a coroner of some county of the State. The court may, in its discretion upon motion, order service to be made by a private person over 21 years of age and not a party to the action. It is not necessary that service be made by a sheriff or coroner of the county in which service is made."

In Point 1 of appellees' brief, defendants cite the trial judge's memorandum as follows:

"With respect to service of process, Chap. 110, Sec. 13.1, Ill. Rev. Stats., 1971, expressly provided for court approval of service by a private person over 21 years, and provides also: '* * * It is not necessary that service be made by a sheriff or coroner of the county in which service is made * * *.'

The allegations of the complaint do not show in what manner the actions of the defendants are in violation of the law."

Defendants further state that:

"* * * one must remember that frequent use of private process servers is expressly provided for by virtue of the Illinois Civil Practice Act as set forth in Point 1 of the argument."

It would appear that the defendants' contention is, and the ruling of the court was, that a private person could serve process under this provision. That is not entirely correct. Careful examination of this statutory provision reveals that, for a private person to serve writs, he must be appointed for that purpose by the court, upon motion of an interested party. We find no provision in the Civil Practice Act authorizing the service of process within his State by a private individual other than where he has been authorized so to do by the court upon motion. Service of court process within this State by a private individual, not appointed so to do by the court, is invalid.

■■■ Defendants' motion to strike and dismiss the amended complaint contends that a constructive trust may not be imposed unless there is an allegation of fraud, actual or constructive, in the complaint, or unless

there are allegations of a confidential or fiduciary relationship between the plaintiff and the defendants. The plaintiff has asserted in its brief that there was in fact such a fiduciary relationship. Defendants reply that this issue is raised for the first time upon appeal. Both plaintiff and defendants are incorrect in assuming that a constructive trust may only be imposed where there is fraud, or breach of a confidential or fiduciary relationship. In *Board of Trustees v. Village of Glen Ellyn* (1949), 337 Ill.App. 183, 194-5, 85 N.E.2d 473, 479, the court stated:

> "It is an elemental principle of law, applied in both law and equity courts, that where one person has received money or its equivalent, which belongs to another, under such circumstances that in equity and good conscience he ought not to retain it, recovery will be allowed. [Citations.]"

Likewise, in the matter not directly applicable to the factual situation before us, the court in *In re Estate of Ray* (1972), 7 Ill.App.3d 433, 439, 287 N.E.2d 144, 148-9, stated:

> "While it is true that a constructive trust may arise out of fraud or the breach of a confidential relationship, the extent of their utilization is by no means restricted to those grounds. A court of equity will raise a constructive trust, even where there is no fraud, whenever the circumstances of the transaction are such that the person who takes the legal estate may not enjoy the beneficial interest therein, as against the other party to the transaction, without violating some established principle of equity. [Citations.]"

We specifically find that in order to establish the constructive trust it is not necessary that either of the two grounds enumerated above exist. It is sufficient if, in fact, the party has received money properly belonging to another under circumstances that in equity he ought not be allowed to retain it. Furthermore, under our liberalized pleading rules, the complaint is sufficient to state a cause of action for the imposition of a constructive trust.

■■ In the motion to strike and dismiss the amended complaint the defendants further stated that, inasmuch as the complaint was not sworn to and no affidavit was filed in connection thereto, an injunction could therefore not issue. That is not correct. Section 3 of the Injunction Act (Ill. Rev. Stat. 1973, ch. 69, par. 3) specifically provides that:

> "No court or judge shall grant a preliminary injunction without previous notice of the time and place of the application having been given the adverse party unless it clearly appears, from specific facts shown by the verified complaint or by affidavit accompanying the same, that immediate and irreparable injury, loss

or damage will result to the applicant before notice can be served and a hearing had thereon."

This section of the Injunction Act does not require a verified complaint where a preliminary injunction is sought upon notice. Since verified pleadings are not required where a preliminary injunction is sought upon notice, it therefore follows that verification or affidavit is not required where an application for an injunction is made upon notice and where the defendants appear as in the instant case. See Ill. Rev. Stat. 1973, ch. 110, par. 35.

We therefore find that the order of trial court dismissing the complaint here "For Want of Equity" was improper. The matter is therefore reversed and remanded with directions to proceed not inconsistent with opinions expressed herein.

Reversed and remanded for proceedings not inconsistent with this opinion.

SEIDENFELD, P. J., and HALLETT, J., concur.