J. J. HARRINGTON & CO., Plaintiff-Appellant, *v.* EMMA TIMMERMAN *et al.*, Defendants-Appellees.

First District (2nd Division)  No. 76-247

Opinion filed June 28, 1977.

Ronald J. Guild and David A. Weininger, both of Chicago (Teitelbaum, Wolfberg, Guild & Toback, of counsel), for appellant.

Kirkland & Ellis, of Chicago (John E. Angle and Sydney B. McDole, of counsel), for appellees.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Plaintiff, J. J. Harrington & Co., a real estate brokerage firm, filed a declaratory judgment action against defendants, Emma Timmerman and Sophie Feddeler, in the circuit court of Cook County to determine the right to $50,000 being held by plaintiff as earnest money under a contract to purchase real estate. Plaintiff appeals from a judgment of the trial court dismissing the complaint for failure to state a cause of action, and also appeals from an order denying a motion to vacate the judgment and denying leave to file an amended complaint. The issues are whether count III of the complaint states a cause of action, and whether the court erred by denying plaintiff's motion to vacate the judgment and for leave to file an amended complaint.

In 1966, defendants Timmerman and Feddeler retained plaintiff as exclusive broker and agent for the purpose of selling certain real estate, and a written brokerage agreement was executed by defendants. On February 10, 1968, Emma Timmerman sent a letter to plaintiff canceling the contract on five days' notice, as required by the original agreement.

However, on September 11, 1968, defendants entered into an installment contract with the American National Bank and Trust Company of Chicago for the sale of the subject real estate which stated that plaintiff was entitled to the commission for the sale, and a sum of $50,000 was deposited with plaintiff as earnest money.

The sale was never consummated because the person signing on behalf of the bank was the attorney for Lee and Barbara Romano, the owners of the beneficial interest in the trust of which the bank was trustee, and he had no authority to sign on behalf of the bank.

In October of 1969, Lee and Barbara Romano filed suit for specific performance of the written contract against defendants, and the court granted defendants' motion for a judgment on the pleadings, specifically finding the contract was unenforceable because the person signing on behalf of the bank was not authorized to do so. That decision was affirmed in the case of *O'Hare International Bank v. Feddeler* (1973), 16 Ill. App. 3d 35, 305 N.E.2d 325. In 1974, the Romanos filed a suit for specific performance of an oral agreement to sell the property, and that case was dismissed on defendants' motion because the court found that the oral contract was unenforceable.

Plaintiff brought the instant action on June 2, 1975, to ascertain the right to the $50,000 deposited by the Romanos as earnest money under the contract with defendants. On August 25, 1975, the complaint was amended to add count III, by which plaintill claimed $42,500 as its brokerage fee for finding a buyer for defendants, and count IV, a claim in *quantum meruit* for services rendered in the amount of $42,500.

On July 28, 1975, defendants filed a motion to strike and dismiss the complaint, alleging, *inter alia*, that the complaint did not state a cause of action because there was no valid contract for the sale of the subject property, and that plaintiff failed to procure a ready, willing and able purchaser for the property in question. On October 29, 1975, the trial court granted defendants' motion pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 45) with respect to all counts with prejudice. On November 18, 1975, plaintiff filed a motion to vacate the order of October 29, 1975, and for leave to file an amended complaint, and on November 20, 1975, the court denied the motion.

The relevant portion of count III provides as follows:

> "4. On or about February 19, 1968, plaintiff procured purchasers for said property who were ready, willing and able to purchase said property at the established price and who deposited the sum of $50,000.00 earnest money with plaintiff and caused to be executed a contract for the purchase of said property. A copy of that contract is attached to the Complaint as Exhibit C and is hereby incorporated by reference."

Plaintiff contends that it earned a commission by producing a buyer who was ready, willing and able to purchase the property without regard to whether the transaction was actually completed, and argues a cause of action was stated by alleging those facts in count III. In the case of *Sharkey v. Snow* (1973), 13 Ill. App. 3d 448, 451, 300 N.E.2d 279, the court stated:

"In order to state a cause of action against defendants, it is clear that plaintiff is required to allege in his complaint that he produced a buyer for the subject premises, who was ready, willing and able to purchase the same on terms specified in the listing agreement, and no others. (*Sattler v. Oliver*, 138 Ill. App. 210, Aff'd. 233 Ill. 536; See also: I.L.P. Brokers §78 and cases therein cited)."

Defendants contend that by incorporating by reference the September 11, 1968, contract as part of paragraph 4, plaintiff identified the buyer as the American National Bank because the contract describes the bank as the purchaser. Defendants argue that no cause of action was stated because it had been determined in the *O'Hare International Bank* case that the bank had no interest in the transaction.

■■■ The law is well settled that an action should not be dismissed pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 45) for failure to state a cause of action, unless it clearly appears that no set of facts could be proved under the pleadings which would entitle plaintiff to relief. (*Courtney v. Board of Education* (1972), 6 Ill. App. 3d 424, 425, 286 N.E.2d 25.) It is also well settled that a motion to dismiss admits all facts well pleaded, together with all reasonable inferences which can be drawn from them for purposes of such motion. (*Dear v. Locke* (1970), 128 Ill. App. 2d 356, 364, 262 N.E.2d 27; *Hemingway v. Skinner Engineering Co.* (1969), 117 Ill. App. 2d 452, 459, 254 N.E.2d 133.) Upon review a court must determine whether the allegations of the amended complaint when interpreted in the light most favorable to the plaintiff are sufficient to set forth a cause of action upon which relief may be granted. *Wooded Shores Property Owners Association, Inc. v. Mathews* (1976), 37 Ill. App. 3d 334, 337, 345 N.E.2d 186; *Johnson v. North American Life & Casualty Co.* (1968), 100 Ill. App. 2d 212, 217, 241 N.E.2d 332.

■■ The recovery of a real estate brokerage commission is not dependent upon the consummation of a sale (*Wolfenberger v. Madison* (1976), 43 Ill. App. 3d 813, 815-17, 357 N.E.2d 656; *O'Brien v. Kawazoye* (1975), 27 Ill. App. 3d 810, 817-18, 327 N.E.2d 236; *Garrett v. Babb* (1975), 24 Ill. App. 3d 941, 944, 322 N.E.2d 217), and in the case of *Ellis Realty v. Chapelski* (1975), 28 Ill. App. 3d 1008, 1010-11, 329 N.E.2d 370, the court held that while the trustee's participation is necessary to convey title and may be required to execute a binding contract of sale, a trust beneficiary

408

can engage the services of a real estate broker without the trustee's approval. Thus, it is apparent that a broker's cause of action for a commission is not dependent on the approval of a trustee, and plaintiff is not precluded from establishing that the "purchasers" referred to in paragraph 4 of count III are the trust beneficiaries and not the trustee. The mere fact that the "purchasers" are referred to in the plural indicates that the bank is not the party in interest. To conclude otherwise would be absurd in light of the *O'Hare International Bank* case filed two years earlier, which specifically held that the contract could not be enforced against the bank.

The contract is relevant to the proceedings, however, because it establishes that $50,000 earnest money was paid, which indicates the existence of a ready, willing and able buyer, and the contract identifies plaintiff as being entitled to the commission.

It is apparent that plaintiff's complaint did state a cause of action, and it was clearly an abuse of discretion for the court to deny the motion to vacate the judgment and to deny the amendment to count III which clarifies the interest which the Romanos had in the litigation.

For these reasons the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

STAMOS and PERLIN, JJ., concur.