THE VILLAGE OF WHEELING, Plaintiff-Appellant, *v.* JAMES STAVROS, Defendant-Appellee.—(WILLIAM BIEBER *et al.*, Defendants.)

First District (3rd Division)    No. 79-1522

Opinion filed September 30, 1980.

John M. Burke, of Burke & Burke, of Chicago, for appellant.

Foran, Wiss & Schultz, of Chicago (Richard A. Devine and Lori Stone, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Village of Wheeling, a municipal corporation, commenced this action in the circuit court of Cook County for an accounting, the imposition of a constructive trust, and other equitable relief against the defendants, including James Stavros. Pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 45), Stavros moved to

dismiss that portion of the amended complaint directed against him on the ground that it failed to state a cause of action. The trial court granted Stavros' motion to dismiss, and plaintiff appeals.

Count III of the amended complaint alleged that plaintiff had commenced this action on behalf of all citizens, residents and taxpayers of the Village; that during the years 1971, 1972, and 1973, Stavros received money from Zale Construction Company, Harmony Builders and Meister-Neiberg Company, in a total amount of $92,000, in order that they be given building permits and zoning changes by the Village. The complaint further recited that Stavros was in a position to and did control certain officials of the Village, including the building commissioner and a trustee and member of the zoning board of appeals; that Stavros manipulated their actions and was further able to prevent the construction of buildings in the Village unless payments were made to Stavros; that because of his position of control over Village officials, Stavros was able to demand and obtain money from prospective developers in order to obtain favorable zoning and permit approval from the Village which otherwise would not be given; and that as a result of Stavros' activities, certain Village officials violated their fiduciary duties to the Village. It was further charged that Stavros received the monies in order that he exercise his influence and control over Village officials to obtain necessary zoning changes and building permits and other Village approval; that Stavros used his influence and control to provide building permits and zoning changes for certain co-defendants; that in a Federal criminal action Stavros pleaded guilty to accepting the sum of $92,000; that Stavros' willing participation in a scheme to cause Village officials to breach their duty to the Village unjustly enriched Stavros and caused damage to the Village; and that any money received by Stavros to induce Village officials to breach their fiduciary duties to the Village is held in a constructive trust for the Village.

Plaintiff contends that count III states a cause of action against Stavros under the theory that one who profits by inducing an agent's breach of a fiduciary duty or by knowingly participating in a scheme to induce such a breach is liable to the principal in the amount of the profits made. (*Continental Management, Inc. v. United States* (Ct. Cl. 1975), 527 F. 2d 613.) Stavros maintains that the amended complaint presented no facts establishing unlawful conduct on his part or a fiduciary duty to plaintiff. Stavros asserts that his conduct amounted to no more than that of any paid lobbyist.

■■■ Upon review, a court must determine whether the allegations of a complaint when interpreted in the light most favorable to plaintiff are sufficient to set forth a cause of action upon which relief may be granted. (*Zagar v. Gomberg* (1978), 66 Ill. App. 3d 611, 384 N.E.2d 426; *J. J. Harrington & Co. v. Timmerman* (1977), 50 Ill. App. 3d 404, 365 N.E.2d

721.) An action should not be dismissed on the pleadings for failure to state a cause of action unless it clearly appears that no set of facts could be proved which would entitle the plaintiff to relief. (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790.) The Civil Practice Act provides that pleadings are to be liberally construed to achieve substantial justice between the parties. (Ill. Rev. Stat. 1975, ch. 110, par. 33(3).) A motion to dismiss a complaint for failure to state a cause of action admits all facts well pleaded together with all inferences which could be drawn from the facts. *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 371 N.E.2d 634.

■■■ We believe Illinois recognizes a cause of action by a municipality for the imposition of a constructive trust upon profits of a third party arising from a public official's breach of a fiduciary duty. Generally, constructive trusts are divided into two classes: one in which actual fraud is considered as equitable grounds for raising the trust, and the other where the existence of a fiduciary relationship and a subsequent abuse of confidence arising therefrom are sufficient to establish the trust. (*Carroll v. Caldwell* (1957), 12 Ill. 2d 487, 147 N.E.2d 69; *Eiseman v. Lerner* (1978), 64 Ill. App. 3d 185, 380 N.E.2d 1033.) In the present case, plaintiff has alleged both the existence of a fraud upon the citizens of the Village and the abuse of a fiduciary relationship. Illinois courts have repeatedly affirmed the principle that public officials are trustees with a fiduciary duty to the people. (*Chicago Park District v. Kenroy, Inc.* (1980), 78 Ill. 2d 555, 402 N.E.2d 181; *Brown v. Kirk* (1976), 64 Ill. 2d 144, 355 N.E.2d 12; *City of Chicago ex rel. Cohen v. Keane* (1976), 64 Ill. 2d 559, 357 N.E.2d 452.) A public official owes to his principal duties of absolute loyalty and fidelity, and occupies a position of the highest public trust. See *People v. Bordeaux* (1909), 242 Ill. 327, 89 N.E. 971; *County of Cook v. Barrett* (1975), 36 Ill. App. 3d 623, 344 N.E.2d 540.

■■■ In the present case, plaintiff has alleged the existence of a fiduciary duty owed by village officials to the village and the subsequent breach of that relationship by village officials. Plaintiff also charged that Stavros was a willing participant in a scheme to cause village officials to breach their fiduciary duty and that it was Stavros who induced the breach. While we agree that the amended complaint is not a model of exemplary pleadings, we do not believe that the complaint fails to state a cause of action merely because the means by which Stavros influenced village officials to breach their duties are not set forth. Plaintiff realistically cannot be expected to outline intricate schemes and the specific methods of control used by Stavros for such schemes or to detail his secret dealings with the public officials with exactitude. We believe that the amended complaint adequately pleads the existence of a fiduciary relationship, the subsequent breach thereof, and sufficient facts, if proven, to justify the

imposition of a constructive trust. Even if we were to find that the pleading lacked specific allegations of fraud and the breach of a fiduciary duty, the imposition of a constructive trust nonetheless would still be proper. Stavros is incorrect in assuming that a constructive trust may only be imposed where there is fraud or the breach of a fiduciary relationship. A constructive trust is by no means restricted to those grounds. (*County of Lake v. X-Po Security Police Service, Inc.* (1975), 27 Ill. App. 3d 750, 327 N.E.2d 96.) The particular circumstances in which equity will impress a constructive trust are as numerous as the modes by which property may be obtained through bad faith and unconscionable acts. (*County of Cook v. Barrett*; 4 Pomeroy's Equity Jurisprudence §1045, at 97 (5th ed. 1941).) A constructive trust is imposed by a court because the person holding title to property would profit by a wrong or would be unjustly enriched if he were permitted to keep the property. (*Price v. State of Illinois* (1979), 79 Ill. App. 3d 143, 398 N.E.2d 365; *Bozeman v. Sheriff* (1976), 42 Ill. App. 3d 228, 355 N.E.2d 624.) An action to prevent such unjust enrichment is maintainable in all cases where one person has received money under such circumstances that in equity and good conscience he ought not retain. *M. J. McCarthy Motor Sales Co. v. Van C. Argiris & Co.* (1979), 78 Ill. App. 3d 725, 396 N.E.2d 1253; *Cohon v. Oscar L. Paris Co.* (1958), 17 Ill. App. 2d 21, 149 N.E.2d 472.

We do not agree with Stavros that he owed no legal duty to plaintiff or that his conduct amounted to no more than that of any paid lobbyist. A third person who has colluded with a fiduciary in committing a breach of duty, and who obtained a benefit therefrom, is under a duty of restitution to the beneficiary. (*Chicago Park District v. Kenroy, Inc.* (1980), 78 Ill. 2d 555, 402 N.E.2d 181; accord, *Jackson v. Smith* (1921), 254 U.S. 586, 65 L. Ed. 418, 41 S. Ct. 200; *Sexton v. Sword S.S. Line, Inc.* (2d Cir. 1941), 118 F.2d 708; *Craftsman Finance & Mortgage Co. v. Brown* (S.D.N.Y. 1945), 64 F. Supp. 168.) A third party's inducement of, or knowing participation in, a breach of duty by an agent is a wrong against the principal which may subject the third party to liability. (*Continental Management, Inc. v. United States* (Ct. Cl. 1975), 527 F.2d 613; *B. F. Goodrich Co. v. Naples* (S.D. Cal. 1954), 121 F. Supp. 345; *Martin Co. v. Commercial Chemists, Inc.* (Fla. 1968), 213 So. 2d 477; *Jaclyn, Inc. v. Edison Brothers Stores, Inc.* (1979), 170 N.J. Super. 334, 406 A.2d 474; *Hirsch v. Schwartz* (1965), 87 N.J. Super. 382, 209 A.2d 635; *Kinzbach Tool Co. v. Corbett-Wallace Corp.* (1942), 138 Tex. 565, 160 S.W. 2d 509.) A constructive trust may be imposed upon benefits obtained by a third person through his knowledge of or involvement in a public official's breach of a fiduciary duty. (*Chicago Park District v. Kenroy, Inc.*; see also *United States v. Carter* (1910), 217 U.S. 286, 54 L. Ed. 769, 30 S. Ct. 515.) To impose a constructive trust, no fiduciary duty or relationship need exist between the person

holding the property and the aggrieved party. " 'Restitution, by virtue of its adaptability to individual cases on equitable principles may \* \* \* reach situations beyond the grasp of other civil or criminal remedies and do justice on equitable principles \* \* \*. [Citation.]' " (*City of Chicago ex rel. Cohen v. Keane* (1976), 64 Ill. 2d 559, 566, 357 N.E.2d 452.) Although the transaction assailed in constructive trust cases is usually one between the parties directly, this is not a prerequisite. (*Edwards v. Miller* (1978), 61 Ill. App. 3d 1023, 378 N.E.2d 583.) The way in which the particular transaction arises is immaterial. (*Ridgely v. Central Pipe Line Co.* (1951), 409 Ill. 46, 97 N.E.2d 817.) A third party who induces a breach of a trustee's duty of loyalty, or participates in such a breach, or knowingly accepts any benefit from such a breach, becomes directly liable to the aggrieved party. *Lawrence Warehouse Co. v. Twohig* (8th Cir. 1955), 224 F.2d 493; *Hammonds v. Aetna Casualty & Surety Co.* (N.D. Ohio 1965), 237 F. Supp. 96.

■■ Thus, we believe that the amended complaint has alleged sufficient facts to state a cause of action against Stavros. He is charged with inducing and participating in a scheme whereby he caused certain village officials to breach their fiduciary duty to the public. Those charges do not merely recite the activities of a paid lobbyist. A lobbyist is hired to persuade public officials to vote or act favorably on an issue, not to cause them to breach their fiduciary duty to the public.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing the amended complaint against the defendant Stavros is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

McGILLICUDDY, P. J., and RIZZI, J., concur.