96 Ill. App.3d 1062 (1981)
421 N.E.2d 1087
SELMAVILLE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 10, Plaintiff-Appellant,
v.
SALEM ELEMENTARY SCHOOL DISTRICT NO. 111, Defendant-Appellee.
No. 79-610.
Illinois Appellate Court  Fifth District.
Opinion filed June 8, 1981.
James W. Sanders and Associates, of Marion, for appellant.
Robert D. Albright, of Salem, for appellee.
Reversed and remanded.
Mr. PRESIDING JUSTICE KASSERMAN delivered the opinion of the court:
Plaintiff, Selmaville Community Consolidated School District No. 10, appeals from the judgment of the circuit court of Marion County finding that it was not entitled to recover certain tax funds mistakenly paid to defendant, Salem Elementary School District No. 111.
Plaintiff and defendant are adjoining school districts, which are divided in part by the eastern line of Section 9, Township 2 North, Range 2 East, Marion County, Illinois. All of Section 9 lies within Selmaville School District No. 10, and all of Section 10 is within Salem School *1063 District No. 111. Certain real property referred to as the Holiday Inn property lies within both Section 9 and Section 10. The record discloses that the improvements on the Holiday Inn property, the Holiday Inn motel buildings, are completely situated within Section 9 and, consequently, are located solely within Selmaville School District No. 10.
For the tax years 1972 and 1973 the Holiday Inn buildings had an assessed valuation of $200,000. The taxes, based on this assessed valuation of the taxpayer's property, for such tax years were paid by the taxpayer without objection. However, all the taxes levied against the Holiday Inn property for 1972 and 1973 were distributed to the Salem school district and none to the Selmaville school district. Defendant received $4,945.80 from tax revenues levied against the Holiday Inn property for 1972 and $4,993.90 for 1973. The amount of tax revenues attributable solely to the Holiday Inn buildings was calculated at trial by Ralph Johnnie, county clerk of Marion County, to be $4,325.14 for 1972 and $4,395.98 for 1973.
Vernon Shook, the superintendent of plaintiff school district, testified that in September 1973, he became aware that the taxes levied against the Holiday Inn buildings were being paid to defendant Salem school district in spite of the fact that the buildings were situated in plaintiff school district. Mr. Shook testified that he discussed the erroneous assessment with Roberta Williams, the tax clerk in the county clerk's office, in September of 1973 and again in 1974. According to Mr. Shook, in September of 1975 he informed Eugene Pathel, the supervisor of assessments for Marion County, that the Holiday Inn buildings were being assessed in the wrong district, and Mr. Pathel issued a certificate of error which resulted in the Holiday Inn buildings being assessed in plaintiff school district subsequent to the year 1974.
Plaintiff's suit was filed in the circuit court of Marion County to recover from defendant the tax monies mistakenly assessed and paid to the Salem school district for the tax years 1972 and 1973. Plaintiff alleged in its complaint that it had not received the full amount of its tax levies, and the parties stipulated at trial that such allegations were true for taxes levied for 1972 and 1973. Although the parties further stipulated that plaintiff also had not received its complete tax levy in 1974, no claim is now made by plaintiff regarding the 1974 taxes.
The record indicates that plaintiff levied $124,043 in taxes for 1972 and received $94,273.25 and that plaintiff's tax levy for 1973 was $126,829 and $89,558.84 was received. Plaintiff contends that as a result of the illegal payment of the tax revenues to the Salem district, a constructive trust should be created in its favor for $7,370.23, the amount of tax monies it was illegally deprived of by reason of the erroneous payment of the tax funds to defendant for the tax years 1972 and 1973.
After a two-day bench trial, the trial court announced its findings that *1064 the Holiday Inn buildings had been improperly assessed in the wrong school district and that if plaintiff was entitled to prevail, recovery would be based on the assessed valuation of such buildings. The court also found that if judgment was ultimately entered in favor of plaintiff, it "presume[d]" that plaintiff would be entitled to whatever the "legal rate of interest would be." Further, the court announced that it would "rule on the rest of it [plaintiff's demands] like the attorney's fees and this type of thing along with the rest of the decision * * *." Subsequently, the trial court entered a written order finding that although the Salem district had received tax levies belonging to the Selmaville district, Selmaville was barred from relief in the circuit court for failing to pursue its administrative remedies under section 108b of the Revenue Act of 1939 (Ill. Rev. Stat. 1977, ch. 120, par. 589.2).
On appeal, plaintiff contends that it is entitled to recover the amount of taxes it should have received had there been no mistake. Further, plaintiff contends that under the circumstances of the instant case, section 108b of the Revenue Act of 1939 does not require plaintiff to pursue administrative remedies before maintaining an action in circuit court.
Section 108b of the Revenue Act provides:
"Any taxing body that has an interest in an assessment made by any local assessment officer or officers may have such assessment reviewed by the board of review by filing a complaint in writing with the board within 20 calendar days after the assessment books are delivered to the board. All such complaints shall identify and describe the particular property and shall be filed with the board in duplicate. The board shall make a determination as to what the correct amount of such assessment shall be, provided that the board shall not increase the amount of the assessment without first giving due notice and an opportunity to be heard to the taxpayer affected."
 1 It is our conclusion that defendant's reliance upon section 108b of the Revenue Act is misplaced. This section contemplates that a taxing body make complaint to the board of review requesting it to review the "amount" of any assessment it contends is improper. In the case at bar, no dispute is raised by the parties or any taxpayer as to the propriety of the "amount" of any tax assessment. In fact, the tax assessment, levy and collection process in the instant case had progressed far beyond the assessment stage before the error was committed. The amount of the assessed valuation of the Holiday Inn property had been established without objection of the taxpayer or either plaintiff or defendant, and the county clerk had prepared the lists of lands and lots as required by sections 32 and 33 of the Revenue Act (Ill. Rev. Stat. 1977, ch. 120, pars. 513 and 514) and section 17-10 of the School Code (Ill. Rev. Stat. 1977, *1065 ch. 122, par. 17-10). It is apparent from the record that the Holiday Inn property was listed as being located entirely in Salem School District and was not listed separately for each of the two school districts in which it was situated, contrary to the requirements of section 33 of the Revenue Act. Further, the provisions of section 17-10 of the School Code were not followed. This erroneous listing of the Holiday Inn property was ultimately incorporated in the tax collector's books prepared by the county clerk and delivered to the tax collector in compliance with the provisions of sections 158-173 of the Revenue Act (Ill. Rev. Stat. 1977, ch. 120, pars. 639-654). Therefore, complaint to the board of review under the provisions of section 108b would have been of no avail because the board was empowered to adjust the amount of an assessment and not to control the extension of taxes as provided by sections 158-173 of the Act.
Defendant further contends that should this court decide that plaintiff properly instituted suit in the circuit court to recover the tax money, plaintiff cannot recover because it has failed to establish the elements necessary to require the establishment of the constructive trust prayed for in the complaint. Defendant urges that to entitle plaintiff to a constructive trust, it must establish either actual fraud or the abuse of a fiduciary relationship.
 2 The burden of proving the existence of a constructive trust is on the person seeking to establish it. (Krebs v. Mini (1977), 53 Ill. App.3d 787, 368 N.E.2d 159.) Although plaintiff did not introduce any evidence demonstrating the existence or the breach of a fiduciary relationship or fraud on the part of the county officials or the Salem school district, the evidence established that the collector's books inaccurately located the Holiday Inn buildings in an adjoining school district.
Plaintiff urges that Trico Community Unit School District No. 176 v. Steeleville Community Unit School District No. 138 (1959), 22 Ill. App.2d 39, 159 N.E.2d 507, authorizes the relief sought by it. There, the plaintiff brought an action to recover funds derived from school taxes collected from real estate located in plaintiff school district but taxed as though the property was situated in defendant school district. Defendant's motion to dismiss, on the grounds that the complaint failed to state a cause of action, was granted by the trial court. On appeal, the appellate court reversed, finding that plaintiff school district could maintain an action for money had and received.
Although Trico is distinguishable from the case at bar, it is authority for the proposition that an action for money had and received could be maintained where tax funds are incorrectly paid to a school district other than the one entitled to such funds.
The Illinois courts have addressed issues similar to the one presented in the case at bar on numerous occasions. In Board of Trustees v. Village *1066 of Glen Ellyn (1949), 337 Ill. App. 183, 85 N.E.2d 473, it was held that where one person has received money or its equivalent, which belongs to another, under such circumstances that in equity and good conscience he ought not retain it, recovery will be allowed. Further, the fact that the person to whom money was paid under a mistake of fact was not guilty of deceit or unfairness, but acted in good faith, does not prevent recovery of the sum paid, nor does the negligence of the payor preclude recovery. Board of Education v. Holt (1976), 41 Ill. App.3d 625, 354 N.E.2d 534 (where the plaintiff was the payor).
The court in County of Lake v. X-Po Security Police Service, Inc. (1975), 27 Ill. App.3d 750, 327 N.E.2d 96, when considering the propriety of imposing a constructive trust in a situation analogous to the case at bar, stated the general principle that recovery will be allowed where one person has received money or property belonging to another under such circumstances that in equity and good conscience, he ought not retain it. In its decision the court cited with approval the following language from In re Estate of Ray (1972), 7 Ill. App.3d 433, 439, 287 N.E.2d 144, 148-49:
"While it is true that a constructive trust may arise out of fraud or the breach of a confidential relationship, the extent of their utilization is by no means restricted to those grounds. A court of equity will raise the constructive trust, even where there is no fraud, whenever the circumstances of the transaction are such that a person who takes the legal estate may not enjoy the beneficial interest therein, as against the other party to the transaction, without violating some established principle of equity. [Citations.]" (County of Lake v. X-Po Security Police Service, Inc. (1975), 27 Ill. App.3d 750, 755, 327 N.E.2d 96, 100.)
Similarly, in Village of Wheeling v. Stavros (1980), 89 Ill. App.3d 450, 411 N.E.2d 1067, the court held that it was incorrect to assume that a constructive trust may be imposed only where there is actual fraud or the breach of a fiduciary relationship. The court there concluded that:
"* * * A constructive trust is imposed by a court because the person holding title to property would profit by a wrong or would be unjustly enriched if he were permitted to keep the property. [Citations.] An action to prevent such unjust enrichment is maintainable in all cases where one person has received money under such circumstances that in equity and good conscience, he ought not retain. [Citations.]" 89 Ill. App.3d 450, 454, 411 N.E.2d 1067, 1070.
 3 Although no evidence was introduced in the case at bar indicating either fraud or the breach of a fiduciary relationship, we conclude that defendant was shown to have received money under such circumstances *1067 that, in equity and good conscience, it should not be permitted to retain. Therefore, the trial court erred in refusing to raise a constructive trust and in failing to order the payment to plaintiff of the tax funds illegally received by defendant.
The trial court announced, before later ruling in defendant's favor, that it presumed that plaintiff would be entitled to interest in the event it received judgment and that ruling would be made on plaintiff's claim for attorney fees at a later date if it prevailed. Therefore, this cause must be remanded for determination of plaintiff's demand for interest and attorney fees.
For the foregoing reasons, the judgment of the Marion County circuit court is reversed and remanded for further action not inconsistent with this opinion.
Reversed and remanded.
JONES and HARRISON, JJ., concur.