HERITAGE/PULLMAN BANK AND TRUST COMPANY, Trustee, *et al.*, Plaintiffs-Appellants, *v.* STATE FARM FIRE AND CASUALTY COMPANY *et al.*, Defendants—(G. W. OLSON, JR. & SONS, Defendant-Appellee.)

First District (4th Division)    No. 81-305.

Opinion filed March 11, 1982.

William J. Harte, Ltd., and William T. Rodeghier, both of Chicago, for appellants.

Diane M. Bruzas and Joel H. Greenburg, Ltd., both of Chicago, for appellee.

PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Plaintiffs, Heritage/Pullman Bank and Trust Company (Heritage/Pullman), Elefterios Stefantos and Kassiani Stefantos, appeal an order of the trial court striking their second amended petition for adjudication of lien which also dismissed the action and required plaintiffs to pay a public adjuster a portion of partial settlement proceeds. The sole issue for review is whether the second amended petition states a cause of action.

We reverse and remand.

Heritage/Pullman *is trustee and Elefterios and Kassiani Stefantos are* sole beneficiaries of a land trust in property located in Homewood, Illinois, and operated as the Southgate Shopping Center. Defendant, State Farm Fire and Casualty Company (State Farm), had insured the property against loss to the amount of $461,200. On January 22, 1979, while the policy was in effect, the roof of the building collapsed as a result of heavy snow. The property was damaged to the extent of $233,295.95 with an additional loss of $2,613 for guard service to protect the property from further damage.

On January 29, 1979, Elefterios Stefantos entered into a contract with G. W. Olson, Jr. & Sons (Olson) which provided as follows:

"I hereby employ G. W. Olson, Jr. & Sons, to assist in the adjustment of collapse claim for loss and damage by fire which occurred on the 22 day of January 1979 at ＿＿＿＿＿＿＿＿＿＿ and for their services rendered and to be rendered I hereby assign and set over unto G. W. Olson, Jr. and Sons, ten per cent of the amount of agreed loss & make tempory [*sic*] repairs & shore."

The contract was on a form provided by Olson and was signed by Olson, Jr., and Elefterios Stefantos.

Following negotiations between State Farm and Olson, State Farm offered to pay $75,062. Plaintiffs did not accept this offer because it was unsatisfactory. They retained an attorney who eventually negotiated a settlement in the amount of $137,976 in partial payment of the claim. Olson sent a lien notice to plaintiffs claiming $15,412. Plaintiffs were unable to negotiate the settlement draft because Olson, one of the payees, *refused to endorse the draft. Plaintiffs filed a petition, an amended peti-*tion, and a second amended petition for adjudication of lien. The trial court sustained motions to strike each petition. On the motion to strike the second amended petition, the court ordered the second amended petition dismissed and ordered Stefantos to pay Olson $15,412. Plaintiffs appeal this order on the theory that the second amended petition for adjudication of lien states a cause of action entitling them to relief.

An action should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts would be proved under the pleadings which would entitle plaintiff to relief. (*J. J. Harrington & Co. v. Timmerman* (1977), 50 Ill. App. 3d 404, 407, 365 N.E.2d 721, 723.) A motion to dismiss admits all facts well pleaded, together with all reasonable inferences which can be drawn from them for purposes of such motion. (*J. J. Harrington & Co. v. Timmerman* (1977), 50 Ill. App. 3d 404, 407.) Upon review a court must determine whether the allegations of the amended complaint when interpreted in the light most favorable to the plaintiff are sufficient to set forth a cause of action upon which relief may be granted. *J. J. Harrington & Co. v. Timmerman* (1977), 50 Ill. App. 3d 404, 407.

Olson's claim of a lien against the funds represented by the State Farm draft is based upon a written agreement between Olson and Stefantos. By the terms of that agreement, Stefantos assigned 10% of the agreed loss in exchange for Olson's services in adjusting the loss with Stefantos' insurer. The second amended petition disputed Olson's claim to the 10% assignment by alleging that Olson rendered no services in connection with the tendered amount, and further alleged that Olson's services never resulted in an agreed loss satisfactory to plaintiffs. Where parties by their own contract create a duty, they must abide by the contract and make the promise good. (*Leonard v. Autocar Sales & Service Co.* (1945), 392 Ill. 182, 187, 64 N.E.2d 477, 479, *cert. denied* (1946), 327 U.S. 804, 90 L. Ed. 1029, 66 S. Ct. 968.) We hold that the second amended complaint states a cause of action because it alleges that Olson never performed the services which entitled it to compensation. If this allegation could be proved, then plaintiffs would be entitled to the relief prayed for in their petition.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

JIGANTI and LINN, JJ., concur.