NOTICE

Decision filed 01/18/11. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-09-0454

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| GOLUB AND ASSOCIATES, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 09-AR-281 |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant-Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ROSALIND CLAYTON, | ) | Honorable |
| | ) | Vincent J. Lopinot, |
| Defendant. | ) | Judge, presiding. |

JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion.
Justices Spomer and Wexstten concurred in the judgment and opinion.

**O P I N I O N**

Plaintiff, Golub and Associates, Inc., a public insurance adjuster, filed suit in the circuit court of St. Clair County against defendants, State Farm Fire and Casualty Company (State Farm) and Rosalind Clayton, State Farm's insured, to recover fees plaintiff earned while assisting Clayton in adjusting her insurance claim with State Farm after her home was destroyed by fire. The action was dismissed with regard to Clayton, but the circuit court granted a summary judgment in favor of plaintiff and denied State Farm's motion for a summary judgment. State Farm now appeals, arguing the trial court erred in granting a summary judgment in favor of plaintiff. We affirm.

1

FACTS

Clayton's home, located at 2101 Jerome Lane in Cahokia, was insured by State Farm. On August 23, 2008, a fire destroyed her home, prompting Clayton to file a claim with State Farm. Clayton hired plaintiff to assist her in adjusting her claim. Clayton and plaintiff entered into a contract dated August 25, 2008. The contract states as follows:

"I [Clayton] hereby authorize Golub and Associates to assist me in the adjustment of my fire loss with the insurance companies insuring my property at 2101 Jerome Lane, Cahokia, IL, and which occurred on 8-23-08, for which I agree to pay them on the receipt of my drafts in payment of said loss the sum equal to 10% of the amount of the adjustment. I, hereby, assign to them all money becoming due to the extent of the fee for adjusting said loss. It is understood that no settlement is to be made without my approval."

Ace Hart, an agent employed by plaintiff, signed on behalf of plaintiff.

On August 26, 2008, Hart notified State Farm by facsimile and regular mail of plaintiff's contract with Clayton and plaintiff's lien on the insurance proceeds and asked that plaintiff's name be included on any payments made to Clayton. Plaintiff negotiated a settlement with State Farm to Clayton in the amount of $72,076.58. Initially, State Farm issued a check to both plaintiff and Clayton.

On November 14, 2008, Clayton gave oral notice to State Farm that she was terminating her contract with plaintiff and requested that plaintiff not be named on any checks State Farm paid to her. On November 21, 2008, Clayton gave written notice to State Farm that she terminated her contract with plaintiff. Thereafter, State Farm complied with Clayton's request not to include plaintiff as a payee and reissued a check with only Clayton as a payee.

On February 26, 2009, plaintiff filed suit against Clayton and State Farm. Count I

2

was directed against Clayton and alleged that she breached her contract with plaintiff. Count II was directed against State Farm and alleged that State Farm was liable for plaintiff's claimed fees because plaintiff had a lien on Clayton's insurance proceeds which State Farm failed to honor. Plaintiff and State Farm filed cross-motions for a summary judgment on count II. On July 31, 2009, the trial court granted a summary judgment in favor of plaintiff and entered a judgment against State Farm in the amount of $7,562.85. State Farm now appeals.

ANALYSIS

State Farm argues that the trial court erred in granting a summary judgment in favor of plaintiff. State Farm first contends that plaintiff did not have a valid lien on Clayton's insurance proceeds because the Illinois Insurance Code (215 ILCS 5/1 *et seq.* (West 2008)) does not create a statutory lien in favor of public adjusters and State Farm's only duty was to its insured. Plaintiff replies that its contract with Clayton was an adequate basis for a lien and that section 512.52 of the Illinois Insurance Code (215 ILCS 5/512.52 (West 2008)) provides the proper statutory authority for the lien. We agree with plaintiff.

Section 512.52 of the Illinois Insurance Code is a definitions section that provides in pertinent part as follows:

"(a) 'Adjusting insurance claims' means representing an insured with an insurer for compensation[] and while representing that insured either negotiating values, damages, or depreciation[] or applying the loss circumstances to insurance policy provisions.

(b) 'Public Insurance Adjuster' means a person engaged in the business of adjusting insurance claims who is licensed pursuant to this Article.

***

(d) 'Compensation' shall include, but need not be limited to, the following:

1. any assignment of insurance proceeds or a percentage thereof;

2. any agreement to make repairs for the amount of the insurance proceeds payable;

3. assertion of any *lien* against insurance proceeds payable."   (Emphasis added.)  215 ILCS 5/512.52(a), (b), (d) (West 2008).

We agree with plaintiff that our General Assembly's choice of the word "lien" in the statute indicates its intention to make a lien enforceable against payments which have not yet occurred.

The instant situation presents a classic case in which a party who has been provided a service attempts to hustle the provider out of its fee.  Here, plaintiff adjusted the claim on behalf of Clayton against State Farm; however, once the claim was adjusted, Clayton attempted to "fire" plaintiff.  We agree with plaintiff that no one should be expected to work in a profession that would allow clients to fire the professional after the professional's services were rendered unless there is an avenue to ensure payment.  By specifically using the term "lien," our General Assembly ensured that public insurance adjusters would be safeguarded against the type of situation presented here.

The contract specifically authorized plaintiff to assist Clayton in the adjustment of her fire loss that occurred on August 23, 2008.  In exchange for plaintiff's services, Clayton agreed to pay plaintiff "10% of the amount of the adjustment."  Clayton assigned to plaintiff "all money becoming due to the extent of the fee for adjusting said loss."  Plaintiff gave notice to State Farm of its contract with Clayton.

Plaintiff then went about assessing the value of Clayton's fire-damaged property, contacted contractors, and negotiated a settlement with State Farm on Clayton's behalf in the amount of $72,076.58.  Shortly after the settlement was negotiated, Clayton "fired" plaintiff.  Clayton refused to pay and asked State Farm to issue a new check.  State Farm originally

4

recognized the lien when it issued a check to both plaintiff and Clayton, but State Farm went along with Clayton's request and reissued a check without plaintiff's name. Here, the contract signed by Clayton created the lien, and State Farm should have honored the lien.

We are aware that chapter 770 of the Illinois Compiled Statutes creates lien rights in favor of numerous occupations and professions, such as attorneys (770 ILCS 5/1 (West 2008)) and health care professions, including physicians and dentists (770 ILCS 23/10 (West 2008)), but fails to specifically discuss liens with regard to public insurance adjusters. However, nowhere in chapter 770 does it state that these are the only liens that can be recognized. Chapter 770 is not meant to be comprehensive, and thus, we disagree with State Farm's assertion that because chapter 770 of the Illinois Compiled Statutes fails to specifically set forth that public insurance adjusters shall have a lien, no such lien can exist.

*Heritage/Pullman Bank & Trust Co. v. State Farm Fire & Casualty Co.*, 104 Ill. App. 3d 1058, 433 N.E.2d 1034 (1982), supports our holding that a lien was created here. In that case, the owner of a shopping center retained a public insurance adjuster to assist in its claim with State Farm involving a collapsed roof. As in the instant case, a contract was entered into in which the insured owner of the shopping center agreed to pay the public insurance adjuster 10% of the amount of the agreed-upon loss. *Heritage/Pullman Bank & Trust Co.*, 104 Ill. App. 3d at 1059, 433 N.E.2d at 1035. The adjuster negotiated with State Farm, which offered to pay $75,062 on the claim. The insured owner refused the offer on the basis that it was unsatisfactory and thereafter retained an attorney who eventually negotiated a settlement in the amount of $137,976 in partial payment on the claim.

The public insurance adjuster then placed a lien on the owner's recovery, preventing the owner from endorsing the draft. Litigation ensued. Ultimately, the trial court refused to remove the lien and ordered the owner to pay $15,412, the total amount of the adjuster's lien. *Heritage/Pullman Bank & Trust Co.*, 104 Ill. App. 3d at 1059, 433 N.E.2d at 1035.

5

Our colleagues in the First District remanded on the issue of the sufficiency of the public adjuster's work but never disputed the validity of the lien, specifically stating as follows:

"Where parties by their own contract create a duty, they must abide by the contract and make the promise good. [Citation.] We hold that the second amended complaint states a cause of action because it alleges that [the public insurance adjuster] never performed the services which entitled it to compensation. If this allegation could be proved, then plaintiffs would be entitled to the relief prayed for in their petition." *Heritage/Pullman Bank & Trust Co.*, 104 Ill. App. 3d at 1060, 433 N.E.2d at 1035-36.

In the instant case, Clayton agreed to pay 10% of the amount of the agreed-upon loss to plaintiff for assisting in the adjustment of Clayton's claim, thereby creating a common law lien that must be paid.

State Farm's assertion that it was not a party to the contract between plaintiff and Clayton and cannot be bound by any provision thereunder is unconvincing. Public insurance adjusters commonly assert liens on insurance proceeds that are honored by insurance companies. See *Lake Shore Racquet Club, Inc. v. Fireman's Fund Insurance Cos.*, 91 Ill. App. 3d 1118, 415 N.E.2d 625 (1980). Here, plaintiff performed the work and negotiated a settlement with State Farm. Plaintiff is entitled to be compensated for its work per the terms of its contract with Clayton. State Farm initially issued a check to plaintiff but later followed Clayton's instructions not to pay plaintiff. State Farm was wrong to go along with Clayton's plan to deprive plaintiff of its rightfully earned fee.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of St. Clair County is hereby affirmed.

Affirmed.

NO. 5-09-0454

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

<table>
<tr><td>GOLUB AND ASSOCIATES, INC.,</td><td>)</td><td>Appeal from the<br>Circuit Court of</td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td><td>St. Clair County.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>No. 09-AR-281</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>STATE FARM FIRE AND CASUALTY<br>COMPANY,</td><td>)<br>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendant-Appellant,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>and</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>ROSALIND CLAYTON,</td><td>)</td><td>Honorable</td></tr>
<tr><td></td><td>)</td><td>Vincent J. Lopinot,</td></tr>
<tr><td>Defendant.</td><td>)</td><td>Judge, presiding.</td></tr>
</table>

**Opinion Filed**: January 18, 2011

**Justices**:    Honorable Richard P. Goldenhersh, J.

Honorable Stephen L. Spomer, J., and
Honorable James M. Wexstten, J.,
Concur

**Attorneys for Appellant**    John P. Cunningham, Daniel G. Hasenstab, Brown & James, P.C., Richland Plaza I, 525 West Main, Suite 200, Belleville, IL 62220-1547

**Attorneys for Appellee**    Stephanie Vojas, Chris Kolker, Kolker Law Offices, P.C., 9423 West Main Street, Belleville, IL 62223