## Joseph R. Willens, Appellant, v. City of Northlake, a Municipal Corporation, Appellee.

### Gen. No. 47,371.

First District, Second Division.
July 3, 1958.
Released for publication September 18, 1958.

Hoellen & Willens, of Chicago (John J. Hoellen, Sherwin Willens, and Floyd B. Manilow, of counsel) for appellant.

Edward B. O'Shea, Jr., of Chicago, for appellee.

JUSTICE KILEY delivered the opinion of the court.

This is an action to recover $11,000 paid by plaintiff contractor to defendant Village under the mistaken notion that the payments were required by ordinance. The cause was dismissed "with prejudice" on motion of the Village and plaintiff has appealed.

■ The well pleaded facts are admitted by the Village's motion.

On November 12, 1956, plaintiff paid the money as fees to the Village for "sewer and water connection" related to family residences plaintiff was building on eleven lots in the Village. He was told by a Village agent that an ordinance required the fees. There was no such "valid" ordinance. There was, however, a "private agreement" between the Village and School District #87 of the Cook County Board of Education in existence with respect to the sewer and water connections. This was attached to the complaint.

This "letter" recites the School District's understanding that the Village contemplates permitting "a contractor" to install a private sewer and water main running from points in the Village "to the site of the Mark Twain School" and that by the terms "of an agreement" between the Village and contractor the latter will own and operate these facilities until the Village pays him "therefor" either out of proceeds of a bond issue or "out of fees which the city will charge the other abutting property owners for connecting to the sewer and water main at the rate of $1,000.00 per lot." The District then "agreed" in consideration of the privilege of connecting and using the utilities to "advance to the Contractor upon completion of the utilities" the sum of $10,000 upon several "alternative conditions." This document concluded: "It is further understood that upon acceptance of this letter by the

City Council this letter is to serve as a preliminary or definitive agreement subject to the formulation of final contract document." The Council accepted the "letter" and approved it.

The main ground of the Village's motion was that the mistake alleged was of law and that no claim therefore lies.

■■ We think that the mistake was one of fact. Plaintiff was led to believe there was an ordinance. The existence or non-existence of an ordinance, as distinguished from the legality or effect of an existing ordinance, is a fact (70 C. J. S., Payment, section 157b), and if plaintiff had known that no ordinance existed, he would obviously not have made the payment. Thus there was no justification for dismissing the action on the ground that defendant's payment was upon a mistake of law.

■ This court said in Board of Trustees of Police Pension Fund of Glen Ellyn v. Village of Glen Ellyn, 337 Ill. App. 183, 194–195: "It is an elemental principle of law, applied in both law and equity courts, that where one person has received money . . . which belongs to another, under such circumstances that in equity and good conscience he ought not to retain it, recovery will be allowed." The recovery at law, the court said (Page 195), was "on the basis of a quasi-contract, or contract implied in law."

That principle supports plaintiff's cause of action and renders erroneous the dismissal of his suit. The question, who was the agent of the Village is a matter of evidence and the question of a change of position to the prejudice of the Village is one of pleading and evidence. The question whether plaintiff should have known there was no such ordinance in existence should be presented in answer so that plaintiff may raise an issue as to whether his failure to know was his fault.

The case of Illinois Glass Co. v. Chicago Tel. Co., 243 Ill. 535, cited by defendant, is not applicable. There the suit was not dismissed but a verdict was directed and judgment on the verdict affirmed. And there was no mistake of fact.

For the reasons given the judgment is reversed and the cause remanded for further proceedings.

Reversed and remanded.

LEWE, P. J. and MURPHY, J., concur.