Fred Salvati, Plaintiff-Appellant, v. Streator Township High School District Number 40, Defendant-Appellee.
Fred Salvati, Plaintiff-Appellant, v. Bradley & Bradley, Inc., Defendant-Appellee.
Streator Township High School District Number 40, and Bradley & Bradley, Inc., Plaintiff-Appellee, v. Fred Salvati, Defendant-Appellant.

Gen. No. 11,868.

Third District.

July 9, 1964.

1

Wendell L. Thompson, of Ottawa, and Edward X. Rashid, of Streator, for appellant.

Berry & O'Conor, of Streator, for Streator Township High School, and Max G. Gulo, of Streator, for Bradley & Bradley, Inc., appellees.

CULBERTSON, P. J.

This is an appeal from a judgment of the Circuit Court of LaSalle County, for damages of $3,000, in favor of Streator Township High School, District Number 40, and Bradley & Bradley, Inc., as against original appellant, Fred Salvati.

The record discloses that Fred Salvati, a brick mason by trade, who had acted as a construction inspector in the past, applied to the Streator Township High School Board of Education for a position of "Clerk of the Works" in connection with the construction of an addition to the high school in Streator. He was informed by the Secretary of the School Board that he should fill out an application and write to Bradley & Bradley, Inc., the architects on the job. He made out an application to Bradley & Bradley, Inc. Thereafter he was interviewed by the Clerk of the School Board and a representative of the Architects, and at a meeting of the School Board, the Board voted to employ him and approved a salary of $125 per week. The School Board and the Architects each agreed to pay a portion of the $125 per week compensation. The School District paid Salvati $125 per week under the impression it was the only one making the payment to him, and expecting to be reimbursed for a portion thereof by the Architects. The archi-

2

tects also paid Salvati $125 per week, without knowing that the School District was making a similar payment, and expected to be reimbursed by the School District. The double payment was discovered after payment for thirty weeks had been made, and a demand was made for repayment.

Appellant Salvati, testified that he was concerned about receiving two checks and did not cash the first few checks for several weeks. The record shows that the checks dated November 30th and December 9th were not cashed until December 22, of 1960. The record indicates that appellant Salvati knew his salary had been fixed at $125 per week as the total amount and that he was willing to work for this sum because of the fact that the work was steady and not seasonable. After the issue of double payment was raised no further payments were made and plaintiff Salvati filed actions as against the School District, and Bradley & Bradley, Inc., and the School District thereafter filed actions as against plaintiff Salvati. All cases were consolidated for trial.

The issues before the court, as made by the pleadings, were whether appellant Salvati was entitled to recover from the high school District and the Architects for the balance of the period during which he received no further checks (nine weeks at $125, or a total of $1,125; as to the School District; and six weeks at $125, or a total of $750 as to Bradley & Bradley, Inc.). The Trial Court found the issues as against the plaintiff in both his claims as against the School District and the Architects, and expressly found that, after crediting appellant Salvati with all the weeks worked at $125 per week, said School District and the Architects were entitled to recover from Salvati the sum of $3,000, on the basis of the conclusion of the court that only one employment was contemplated on behalf of such parties at $125 per week, and not two separate employments at such weekly figure.

3

On appeal in this case, appellant Salvati contends that he was employed on an express contract by Streator High School District at $125 per week, and that after he had accepted such employment he was then employed by the architects, Bradley & Bradley, Inc., on an implied contract at $125 per week, as a result of which he performed certain additional duties. It is also contended that since the architects voluntarily and unnecessarily made a payment through an error or oversight, they cannot recover the amount so paid since Salvati did not contribute to the mistake.

On the record before us it is clear that appellant Salvati contracted and agreed to work full time and render all the services required of him in connection with the erection of the addition to the high school, for the sum of $125 per week. The Trial Court found that there could hardly have been an implied contract since the express contract between the parties had been entered into with respect to the same subject matter (Borrowdale v. Sugarman, 347 Ill App 390, 107 NE2d 45). The so-called additional duties which Salvati contended he performed for the architects were duties which he was required to perform in any event for the School District under his express agreement.

■ ■ The payment of the salary to appellant Salvati by both the High School District and the Architects was found by the court to have been made as a result of a mistake of fact. Each party assumed it was the only one making the payment. Where money is paid under a mistake of fact, which would not have been paid had the facts been known to the payors, it may be recovered (J. S. Hulse Hardware Co. v. American Express Co., 65 Ill App 596; Wolf, Executor v. Beaird, 123 Ill 585, 15 NE 161; Willens v. City of Northlake, 19 Ill App2d 316, 152 NE2d 486). The fact that the person to whom the money was paid was not

4

guilty of deceit or unfairness, but acted in good faith, would not prevent recovery of such sum (Jenson v. Muting, 255 Ill App 514), nor does negligence of the payor preclude a recovery in such case (Devine v. Edwards, 87 Ill 177).

The contention is made by appellant Salvati that a voluntary payment could not be recovered without fraud or protest, but appellant overlooks the fact that the Rule also includes the condition that it may be made without mistake of fact. In the instant case recovery is justified by reason of payment under a mistake of fact. The Trial Court properly concluded, under the evidence, that the High School District and the Architects were entitled to recover the overpayment made by mistake, on the ground of unjust enrichment. The judgment of the Trial Court will, therefore, be affirmed.

Judgment affirmed.

ROETH and SCHEINEMAN, JJ., concur.