Charles Mungo and Concetta Mungo, Plaintiffs-Appellees, v. Bank of Broadway, a Banking Corporation, Defendant-Appellant.

Gen. No. 51,518.

First District, Third Division.

December 27, 1968.

George B. Collins, of Chicago, for appellant.

Gerard A. Serritella, of Chicago (Gerard A. Serritella and Philip J. McGuire, of counsel), for appellees.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiffs Charles and Concetta Mungo brought suit to recover a balance of $809.93 in their savings account with the defendant bank. The bank had refused to permit withdrawal of the funds on the ground that it held an assignment of the account as collateral for a loan made to Rocco Benedetto, plaintiffs' son-in-law, which it alleges the plaintiffs guaranteed. Plaintiffs charge that their signatures on the assignment were forged and the prime issue in the case turns on that question. The bank

also counterclaimed for the additional sum of $4,000 which it charged had been withdrawn from the bank by fraud, deceit and misrepresentation.

The trial court heard the case without a jury and entered judgment in favor of plaintiffs for $809.93, the amount remaining on deposit, and against the bank on its counterclaim for $4,000. The bank's appeal rests on two grounds: (1) that the finding was against the manifest weight of the evidence, and (2) that the funds were paid out of the savings account by mistake made in failing to give notice of the assignment to its tellers. The facts follow.

Plaintiffs owned a business known as "No. 2 R & P Enterprises, Inc." The business was operated by Rocco Benedetto. The bank loaned $4,000 to Benedetto d/b/a "No. 2 R & P Enterprises" on January 3, 1962. The loan was not repaid and judgment was entered against Benedetto in the sum of $4,531. Benedetto went into bankruptcy, listed his liability on the note and apparently was discharged. Benedetto testified that he paid a $500 bribe to William Lemcke, an officer of the bank, in order to get the loan. Lemcke denied the bribe.

The bank offered in evidence the assignment in question which bears what purports to be the signatures of Charles and Concetta Mungo. By the terms of the assignment the plaintiffs pledged their $5,000 savings account as collateral for the loan. At the time of the default by Benedetto the Mungos had withdrawn $4,000 from the account, leaving a balance of $809.93.

On the trial of the case plaintiffs testified that they had not executed an assignment of the savings account and that their signatures on the assignment were forgeries. Defendant presented the testimony of an ex-officer of the bank who had witnessed the execution of the assignment by the Mungos. Benedetto also testified that he had observed the execution by them. In addition to those two witnesses, another witness Milton Godown, an

expert in the examination of questioned documents, testified that the signatures on the assignment were those of the plaintiffs. His testimony was based on a comparison of the signatures on the documents with plaintiffs' signatures admitted in evidence as genuine. An examination of the documents does not reveal any discrepancy apparent to a layman.

Thus on behalf of the bank we have the fact that no discrepancy apparent to a layman exists between acknowledged signatures and the signatures in question and in addition the testimony of an expert on questioned documents and of two other witnesses support the genuineness of the assignment. The only witnesses for plaintiffs were the plaintiffs themselves. The manifest weight of the testimony is against the finding of the court that the assignment was forged, and the judgment must be reversed and the cause remanded for new trial.

If on a new trial the assignment is found to be genuine, the bank will be entitled to the sum now in plaintiffs' account. As to the amount paid out of the savings account subsequent to the alleged assignment, the bank contends that this was paid out by virtue of the failure of the officers making the loan to notify the savings tellers of the assignment. It contends this was a mistake. Salvati v. Streator Tp. High School, 51 Ill App2d 1, 200 NE2d 122; J. S. Hulse Hardware Co. v. American Express Co., 65 Ill App 596; West Frankfort Bank & Trust Co. v. Barretti, 206 Ill App 261. On retrial the court should determine whether there was a mistake warranting judgment on the counterclaim.

The judgment is reversed and the cause is remanded for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

DEMPSEY, P. J. and SULLIVAN, J., concur.