THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Plaintiff-Appellant, *v.* GRACE E. HOLT, Defendant-Appellee.

First District (4th Division)    No. 62948

Opinion filed August 25, 1976.

Michael J. Murray, of Chicago, for appellant.

Coleman T. Holt, of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The board of education of the city of Chicago (hereinafter called "the Board") filed a complaint in the Circuit Court of Cook County, seeking recovery of the sum of $9,175 of unearned salary paid to Grace E. Holt some time after she had resigned from her employment by the Board. Miss Holt filed a motion to strike and dismiss the complaint, which was granted. The Board filed a motion to vacate the order of dismissal, which was denied. The Board appeals from this judgment and order denying the post-trial motion.

The issue presented for review is whether a cause of action may lie in a complaint alleging public funds have been mistakenly paid to a former

employee, where the public agency's records reveal notice of resignation was properly accepted.

Miss Holt had been previously employed as a teacher in the Chicago public schools and fully paid by the Board for her services. She had been granted an illness leave of absence for the period of September 1 to October 27, 1969, and she had been paid for sick leave until October 10, 1969, at which time her accrued sick leave was exhausted. By letter dated October 31, 1969, Miss Holt resigned from her employment with the Board for less taxing work.

Miss Holt did not return to her employment with the Board and performed no services whatsoever for the Board during the period of October 13, 1969, to May 1, 1970, for which period she was mistakenly paid the sum of $9,175.

Upon discovery of the error in making such payments, the Board notified Miss Holt of the mistake and requested repayment by letter dated July 23, 1971. Miss Holt refused, and continues to refuse to repay such amount or any part thereof.

An action was brought by the Board against Miss Holt for payments of money made to her in error after she had resigned her employment by the Board.

Miss Holt filed a motion to strike and dismiss the complaint which was sustained. The Board's motion to vacate was denied and this appeal follows therefrom. The Board's notice of appeal was filed within 30 days of the lower court's denial of the motion to vacate, thereby satisfying the statutory requirements in regard to timeliness, as provided in Rule 303 of the Illinois Supreme Court Rules (Ill. Rev. Stat. 1975, ch. 110A, par. 303(a)).

■■ Generally, where money is paid under a mistake of fact, which would not have been paid had the facts been known to the payor, such money may be recovered. See *Wolf v. Beaird* (1888), 123 Ill. 585, 15 N.E. 161; *Willens v. City of Northlake* (1958), 19 Ill. App. 2d 316, 152 N.E.2d 486.

Miss Holt claims since a letter of resignation was properly sent by her and received by the Board, no mistake of fact may be claimed. But, the fact the person to whom the money was paid under a mistake of fact was not guilty of deceit or unfairness, and acted in good faith, does not prevent recovery of the sum paid, nor does the negligence of the payor preclude recovery. See *Salvati v. Streator Township High School District No. 40* (1964), 51 Ill. App. 2d 1, 200 N.E.2d 122.

■■ ■ It is an elementary principle of law that an action is maintainable in all cases where one person has received money, which belongs to another, under such circumstances that in equity and good conscience he ought not to retain it. (See *Board of Highway*

*Commissioners v. City of Bloomington* (1911), 253 Ill. 164, 174, 97 N.E. 280, 285; *Board of Trustees of Police Pension Fund v. Village of Glen Ellyn* (1949), 337 Ill. App. 183, 194-95, 85 N.E.2d 473, 479.) The Board's complaint alleges Miss Holt performed no services for the Board during the period of time for which she was paid salary of $9,175. We hold the Board's complaint states a good cause of action for recovery of public money paid as a result of a mistake of fact. The motion to strike and dismiss was erroneously allowed. The defendant should be given time to answer.

For the foregoing reasons, the judgment of the Circuit Court of Cook County dismissing this cause is hereby reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

JOHNSON, P. J., and BURMAN, J., concur.