110 Ill. App.3d 847 (1982)
441 N.E.2d 864
JOHN T. JURSICH, Indiv. and as Assignee of M-J Builders, Inc., Plaintiff-Appellants,
v.
ARLINGTON HEIGHTS FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendants-Appellees.
No. 82-199.
Illinois Appellate Court  Second District.
Opinion filed October 26, 1982.
*848 Thomas P. Stepanich, of Waukegan, for appellants.
Marc P. Seidler and Howard C. Emmerman, both of Rudnick & Wolfe, of Northbrook, for appellees.
Judgment affirmed.
JUSTICE UNVERZAGT delivered the opinion of the court:
Plaintiff, John T. Jursich, has appealed the dismissal of his amended complaint against defendant, Arlington Heights Federal *849 Savings and Loan Association, under section 45 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 45) (recodified as section 2-615 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2-615)), for its failure to state a cause of action.
In his first amended complaint, plaintiff alleged that he was the assignee of the rights of M-J Builders, Inc., under a mortgage contract and note executed by M-J Builders, Inc., and the defendant. The mortgage had secured a sizable commercial loan on a shopping center constructed by plaintiff and M-J Builders, Inc. The note provided that a late payment charge could be assessed against plaintiff and M-J Builders, Inc., for any installment payments made on the note which were more than 15 days late. Plaintiff alleges that between 1972 and 1976, defendant demanded, and M-J Builders, Inc., and plaintiff paid defendant $24,785.99 in such late charges.
According to plaintiff, defendant orally represented to plaintiff that installment payments on the note were due on the first of each month; and that a late charge would be assessed if the installment was unpaid by the 22d day of each month. According to plaintiff, however, the note did not specify that payment was due on the first day of each month. (It is inferred that plaintiff would construe the note to allow timely payment at any time within a given month.) As a result, plaintiff contends that $24,785.99 was assessed by defendant for late payment charges, when the underlying installment payments had, in fact, been timely.
Plaintiff sought to certify his claim as part of a class action under section 57.2 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 57.2) (recodified as section 2-801 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2-801)). However, the circuit court found that plaintiff's amended complaint failed to state a claim for plaintiff individually; and thus, could not form the basis for a class action. The circuit court granted defendant's motion to strike plaintiff's amended complaint, without expressly denying plaintiff the right to plead over. The circuit court certified the cause for review under Supreme Court Rule 304(a) (73 Ill.2d R. 304(a)).
Three issues are presented for review: (1) Whether defendant's renewed motion to dismiss this appeal for want of jurisdiction should be denied; (2) Whether plaintiff's amended complaint stated a cause of action for monies erroneously paid another pursuant to a claim of right, and (3) Whether any issue concerning the circuit court's denial of class status to plaintiff's complaint is before this court on review.
In its brief, defendant has renewed its motion to dismiss this appeal, which motion was previously denied by this court on May 3, *850 1982. In its motion, defendant asserts that the circuit court's order of November 19, 1981, as modified on December 14, 1981, was an appealable order. As a consequence, defendant asserts that plaintiff's notice of appeal, filed March 4, 1982, was filed beyond the 30-day period specified in Supreme Court Rule 303 (73 Ill.2d R. 303).
 1, 2 However, a final, appealable judgment is "defined as a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." (See, e.g., Flores v. Dugan (1982), 91 Ill.2d 108, 112; Village of Niles v. Szczesny (1958), 13 Ill.2d 45, 48.) Courts look to the substance, rather than to the form of the order, to determine its finality. (See, e.g., Peach v. Peach (1966), 73 Ill. App.2d 72, 78.) Under these principles, defendant's renewed motion to dismiss is denied.
 3 The dismissal order left plaintiff free to plead over. Plaintiff presumably could have done so, perhaps stating a cause of action under one or more of the exceptions to the general rule upon which the dismissal was based. Thus, it is concluded that this court has jurisdiction to decide this appeal.
The second issue, whether plaintiff's amended complaint stated a cause of action for monies erroneously paid another, pursuant to a claim of right, or stated another way, whether equitable principles have emasculated the doctrine that monies erroneously paid to another under a mistake of law, pursuant to a claim of right, cannot be recovered.
 4, 5 As a general rule, money or property which is paid to another under a claim of right to the payment, with full knowledge of the underlying facts, and absent fraud or coercion, cannot be recovered. (Groves v. Farmers State Bank of Woodlawn (1937), 368 Ill. 35, 47.) Plaintiff has acknowledged the existence of this general rule and does not argue that his amended complaint stated a cause of action under an exception to that rule. Rather, plaintiff asserts that the general rule has been "emasculated" by the equitable rule announced in Board of Trustees v. Village of Glen Ellyn (1949), 337 Ill. App. 183, 194-95, that "where one person has received money or its equivalent, which belongs to another, under such circumstances that in equity and good conscience he ought not to retain it, recovery will be allowed." Plaintiff's legal conclusion is mistaken. The two doctrines are quite distinguishable.
The cases which involve the Glen Ellyn rule each involve a situation where a party has unilaterally, and mistakenly, transferred property to another. However, in none of the cases located, was such payment *851 made pursuant to a claim of right. (See Selmaville Community Consolidated School District v. Salem Elementary School District (1981), 96 Ill. App.3d 1062, 1065-66 (plaintiff school district sought to recover property taxes which, due to a scrivener's error, had been mistakenly paid to the defendant, adjoining school district); Bank of Naperville v. Catalano (1980), 86 Ill. App.3d 1005, 1008-10 (bank sought to recover money it unilaterally, and erroneously, paid defendant when it closed defendant's bank account); Board of Education v. Holt (1976), 41 Ill. App.3d 625, 627 (school board sought to recover money erroneously paid to a former employee after the employee had retired); Board of Trustees v. Village of Glen Ellyn (1949), 337 Ill. App. 183, 194-95 (trustees sought to recover monies which had been unilaterally diverted to other uses by village officials).) In none of the above cases did the court disturb a bargain, or an agreement between the parties, respecting the monies paid.
In contrast, it can be seen that the element of payment pursuant to "a claim of right" is present in each case which has applied the general rule to defeat a claimant's right to recover payments made under a mistake of law. (See Commercial National Bank v. Bruno (1979), 75 Ill.2d 343, 350-51 (estate assets paid to heirs upon their claim of heirship could not be recovered by executor); Groves v. Farmers State Bank (1937), 368 Ill. 35, 47 (monies paid to successful litigants pursuant to a contract claim reduced to judgment cannot be recovered); The Hartford v. Doubler (1982), 105 Ill. App.3d 999, 1001 (insurance proceeds paid to beneficiary cannot be recovered); Western and Southern Life Insurance Co. v. Brueggeman (1944), 323 Ill. App. 173, 178-79 (death benefit paid to beneficiary upon his application cannot be recovered); Bryan v. Pilgrim National Life Insurance Co. (1938), 294 Ill. App. 356, 360-61 (money paid to assignee of a contract cannot be recovered based on a claim that the assignment of the contract was invalid).) Based on the above, it is apparent that the lines of authorities represented by Groves and Glen Ellyn may be distinguished, respectively, by the presence or absence of a "claim of right" to the money or property, asserted by the transferee of the property. Under Groves, the court declines intervention where a dispute between the parties has been resolved through voluntary payment by one party having full knowledge of the facts, in the context of arms-length bargaining (e.g., absent coercion or possession of a superior bargaining position by the transferee). Groves v. Farmers State Bank (1937), 368 Ill. 35.
On the other hand, where there has been no preexisting claim between the parties, and monies have been unilaterally, and erroneously, *852 paid to another, equity will apply the Glen Ellyn rule to do justice between the parties. The two doctrines are thus compatible, and plaintiff's suggestion that the Glen Ellyn rule has "emasculated" the Groves rule is meritless. Board of Trustees v. Village of Glen Ellyn (1949), 337 Ill. App. 183, 194-95; Groves v. Farmers State Bank (1937), 368 Ill. 35, 47.
It follows, therefore, that plaintiff's reliance on Glen Ellyn is misplaced. Plaintiff's amended complaint recites that defendant claimed its right to the late charges pursuant to its mortgage and note with plaintiff and M-J Builders, Inc. Such pleading acknowledges the existence of a "claim of right," which would render inapplicable the Glen Ellyn line of authority. Board of Trustees v. Village of Glen Ellyn (1949), 337 Ill. App. 183.
Plaintiff also asserts that his complaint stated a cause of action under an exception to the "mistake of law" rule noted above.
Plaintiff does not expressly contend that his amended complaint stated a cause of action under the fraud exception to the Groves rule. However, the court might infer such an argument, from the plaintiff's citation and discussion of Willens v. City of Northlake (1958), 19 Ill. App.2d 316.
In Willens, a village official exacted an $11,000 fee from the plaintiff, representing that an ordinance required such fee to be paid. In fact, there was no such ordinance (19 Ill. App.2d 316, 317). The appellate court noted that plaintiff had been "led to believe there was an ordinance," and that the "existence or non-existence of an ordinance, as distinguished from the legality or effect of an existing ordinance, is a fact * * *." (19 Ill. App.2d 316, 318.) Upon remand, the court hinted that defendant could raise an issue respecting plaintiff's reasonable reliance on the official's representation in its answer. Although the Willens court did not firmly base its holding upon the fraud exception to the Groves rule, it is clear that such an exception exists. (See, e.g., Estergard, Eberhardt & Ackerman, Inc. v. Carragher (1982), 105 Ill. App.3d 816, 820.) Examination of the plaintiff's amended complaint, however, reveals that plaintiff failed to plead facts which would trigger the operation of the fraud exception.
 6-8 The crux of plaintiff's complaint is that defendant misrepresented to plaintiff the due date upon which late payment fees could be assessed under the mortgage and note. However, a party having full knowledge of the facts, and access to a written instrument, may not reasonably rely on representations of other contracting parties respecting the effect of the written instrument. (See Allensworth v. Ben Franklin Savings & Loan Association (1979), 71 Ill. App.3d 1041, *853 1044; Leon v. Max E. Miller & Son, Inc. (1974), 23 Ill. App.3d 694, 699-700.) Plaintiff was a party to the note and thus was not at liberty to accept defendant's allegedly false construction of the terms of the mortgage and note. He did so at his peril, inasmuch as the erroneous interpretation of a contract constitutes a mistake of law (Jogger Manufacturing Corp. v. Addressograph-Multigraph Corp. (1952), 346 Ill. App. 1, 7-8), for which the law affords no remedy. (Groves v. Farmers State Bank of Woodlawn (1937), 368 Ill. 35, 47.) "[A] motion to dismiss for failure to state a cause of action should be affirmed on appeal only where no set of facts can be proven under the pleadings which will entitle the plaintiff to relief." (Griffis v. Board of Education (1979), 72 Ill. App.3d 784, 787.) Because the amended complaint failed to plead actionable fraud on the part of defendant or the existence of a mistake of fact which would allow plaintiff to recoup his payment, we conclude that the circuit court properly dismissed plaintiff's amended complaint.
 9 Although the statement of issues in plaintiff's brief purports to raise a question regarding the circuit court's denial of class certification to this claim, plaintiff failed to pursue such issue in the body of his brief. The contention is therefore waived. 91 Ill.2d R. 341(e)(7).
 10 If the point were not waived under Rule 341, it remains that the circuit court did not have occasion to reach the class certification issue, inasmuch as it found that plaintiff failed to plead a claim as an individual let alone one on behalf of a class. The question is, therefore, not before this court on appeal. People ex rel. Wilcox v. Equity Funding Life Insurance Co. (1975), 61 Ill.2d 303, 313.
The judgment of the circuit court of Lake County is affirmed.
Judgment affirmed.
SEIDENFELD, P.J., and LINDBERG, J., concur.