**In re BRANCH MOTOR EXPRESS COMPANY, Debtor.**

**SCHWARTZ & WEISS, P.C., Plaintiffs,**

v.

**BRANCH MOTOR EXPRESS COMPANY, Defendant.**

**Bankruptcy No. 84 B 11145.
Adv. No. 85–5572A.**

United States Bankruptcy Court,
S.D. New York.

July 17, 1985.

Nitkin, Alkalay, Handler & Robbins Schwartz & Weiss, P.C. by Paul Robbins New York City; for plaintiff.

Stroock & Stroock & Lavan by Philip Pierce, New York City, for debtor.

Booth, Marcus & Pierce by Andrew De-Natale, New York City, for Creditors' Committee.

## DECISION AND ORDER

HOWARD C. BUSCHMAN III, Bankruptcy Judge.

The plaintiff Schwartz & Weiss, P.C., ("Schwartz & Weiss") initiated this adver-

sary proceeding to recover the sum of $14,-867.19 which it alleges is being held in trust by Branch Motor Express ("Branch"). Branch denies that it is holding this sum in trust for plaintiff and moves to dismiss the claim pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6).

■ In support, Branch submitted an affidavit regarding matters as to which there has been no discovery. The plaintiff responded with an affidavit tracking its complaint. Since neither side has complied with Local Civil Rule 3(g), the motion is not converted to one of summary judgment pursuant to F.R.C.P. Rule 12(b) and the movant's affidavit not considered. *Goldman v. Belden*, 754 F.2d 1059, 1085 (2d Cir.1985). The plaintiff's affidavit is considered only on the issue of what it would say if permitted to amend the complaint.

### The Complaint

The Complaint, the facts of which are taken as true for the purposes of this motion, asserts that Branch retained Schwartz & Weiss in 1983 to protest tax assessments of certain of its property on a contingency fee basis of 25% of the tax savings obtained. Schwartz & Weiss successfully protested the tax assessment, obtained a tax refund of $59,068.84 and thus earned a fee of $14,867.19.

The tax refund check in the amount of $59,068.84 payable to the order of Branch was received by Schwartz & Weiss. In accordance with its "usual business practices," Schwartz & Weiss forwarded the entire check to Branch soon thereafter, on December 7, 1983. It subsequently demanded payment of their fee. None was made. On August 1985 Branch filed its petition for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 *et seq.* (1984).

In seeking to recover its fee, Schwartz & Weiss alternately asserted that it had an attorney's lien on the funds or that Branch held the sum in trust for it. Upon the return of the motion, Schwartz & Weiss dropped their claim to an attorney's lien and it was stipulated that the Complaint be deemed amended to conform to the affidavited allegation that plaintiff mistakenly transferred these funds to Branch.

### Discussion

It is generally said that the remedy of a constructive trust requires, in addition to proof of a res to which the trust can attach, *Matter of Weis Securities, Inc.*, 605 F.2d 590, 597 (2d Cir.1978); *Matter of U.S.N. Co., Inc.*, 32 B.R. 675 (Bankr.S.D.N.Y. 1983), pleading and proof of "(1) a confidential or fiduciary relationship; (2) a promise expressed or implied; (3) a transfer in reliance thereon and (4) unjust enrichment." *Bankers Sec. Life Ins. v. Shakerdge*, 49 N.Y.2d 939, 940, 428 N.Y.S.2d 623, 624, 406 N.E.2d 440, (1980). *Sharp v. Kosmalski*, 49 N.Y.2d 119, 386 N.Y.S.2d 72, 351 N.E.2d 721 (1976).

■ The relationship, however, need not be formalized. "It has been well remarked, that the receiving of money which consistently with conscience cannot be retained is, in Equity, sufficient to raise a trust in favor of the party for whom, or on whose account it was received." *2 Story's Commentary on Equity Jurisprudence* § 1255 (1839); *accord, In re Berry*, 147 F. 208 (2d Cir.1906); *Empire Stevedoring Co. v. Oceanic Adjusters, Ltd.*, 315 F.Supp. 921 (S.D.N.Y.1970). *In re Anjopa Paper & Board Manufacturing Co.*, 269 F.Supp. 241, 260 (S.D.N.Y.1967); *Chase Manhattan Bank, N.A. v. Israeli-British Bank (London) Ltd.*, [1980] 2 W.L.R. (Feb. 8, 1980). Nor need fraud be shown. A constructive trust arises:

[w]here a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched ... This unjust enrichment may arise out of wrongful acquisition of the title to property ... A constructive trust may arise, however, even though the acquisition of the property was not wrongful. Thus a constructive trust arises where the title

to property is acquired through a mistake ...

*5 Scott on Trusts,* § 462. But,

enrichment alone will not suffice to invoke the remedial powers of a court of equity. Critical is that under the circumstances and as between the two parties to the transaction the enrichment be unjust.

*McGrath v. Hilding,* 41 N.Y.2d 625, 629, 394 N.Y.S.2d 603, 363 N.E.2d 328 (1977).

In seeking to plead that it has an equitable interest in specific property held by the defendant, Schwartz & Weiss allege that they were entitled to 25% of the refund check, and that Branch knowingly and wrongfully retained these funds. Unlike *In Re Black & Geddes Inc.,* 16 B.R. 148 (Bankr.S.D.N.Y.1981) where the debtor had collected specific funds for the plaintiffs' benefit, it is not alleged in the pleadings, nor can it be inferred from the facts alleged, that the parties intended that Schwartz & Weiss' fee would be paid specifically from the fund produced by the tax refund.

■ That one's efforts contributed to the creation of a fund does not give plaintiff a right to a constructive trust over a portion of the fund. *Empire Stevedoring Co. v. Oceanic Adjusters, Ltd.,* 315 F.Supp. 921 (S.D.N.Y.1970). Absent an express assignment, a retainer agreement by itself gives an attorney no ownership or right to possession over any proceeds created by the litigation. *People v. Keeffe,* 50 N.Y.2d 149, 428 N.Y.S.2d 446, 405 N.E.2d 1012 (1980). No assignment is alleged and, in any event an agreement to pay out of a designated fund does not create an assignment if the assignor retains control of the fund. *In Re Link's Will,* 173 Misc. 217, 17 N.Y.S.2d 634 (Sur.Ct. Kings Co. 1940).

■ Nevertheless, upon Schwartz & Weiss' receiving the refund, a retaining lien arose. Such a lien is dependent on possession. *In re Dinger,* 118 Misc.2d 781, 461 N.Y.S.2d 713, 714 (Sur.Ct. Richmond Co. 1983). The firm thus had an interest in property which was lost upon transfer of the refund check to Branch on December 7, 1983. *In re Dinger,* 118 Misc.2d at 782, 461 N.Y.S.2d at 715.

■ While the allegations of the Complaint might thus suffice to allege a res, they do not sufficiently allege the plaintiff's entitlement to it. All that is pleaded is that plaintiff pursuant to its usual practice voluntarily relinquished its lien in the mistaken expectation of payment. It does not appear that a mistaken relinquishment of a lien gives rise to a constructive trust; such a creditor stands equal in rank to other unsecured creditors. *Empire Stevedoring Co.,* 315 F.Supp. at 926. *Cherno v. Dutch American Mercantile Corp.,* 353 F.2d 147 (2d Cir.1965). The loss of the lien affects priority of payment. Unlike the cases involving mistaken double payment of an invoice, *e.g., Berry; Chase Manhattan Bank,* the estate has not been enriched for it still has an unsecured obligation. As the *Berry* court observed in upholding a constructive trust with respect to a double payment: "There can be no doubt of the fact that the payment to Berry & Co. was a mistake and that by reason of this mistake the trustees have in their possession $1,500 which, otherwise, they would not have." 147 F. at 210. The same is not pleaded here.

■ Similarly, where a constructive trust has been found on the basis of mistake of fact, the mistake led to a result not intended by one or both of the parties. *E.g., Chase Manhattan Bank, N.A. v. Israel-British Bank (London) Ltd.,* [1980] 2 W.L.R. 202; (funds were mistakenly transferred to defendant's account because of clerical error); *Knight Newspapers v. Commissioner of Internal Revenue,* 143 F.2d 1007 (6th Cir.1944) (plaintiff erroneously taxed on dividends, where dividend was declared in favor of plaintiff but it was later discovered that no distributable income was available to pay the dividend); *Nuveen v. Bd. of Public Instruction,* 88 F.2d 175 (5th Cir.1937) (plaintiff purchased building fund bonds that were subsequently held to have been issued in error). *Lamb v. Schiefner,* 129 A.D. 684, 114

**150**

N.Y.S. 34 (2d Dept.1908) (nine lots of land included in deed by mistake when grantor did not intend to convey land); *Scott v. Freedom Development Corp.*, 219 N.Y. S.2d 494 (Sup.Ct.Suff.Co.1961) (not officially reported) (mutual mistake in including a land lot in deed where neither party intended to convey the land in question); *McFarland v. Braddy*, 560 S.W.2d 259 (Mo.App. 1977) (wife's name not included in deed contrary to grantor's intention through a mistake in drafting of the deed). *Board of Education City of Chicago v. Holt*, 41 Ill.App.3d 625, 354 N.E.2d 534 (1976) (board continued to pay teacher's salary after she had resigned); *United States v. Augspurger*, 452 F.Supp. 659 (W.D.N.Y.1978) (tax examiner erroneously issued a refund to taxpayer). Here, plaintiff fully intended to deliver the check to Branch. It thereby became an unsecured creditor. Like other creditors who delivered goods and supplied services in the expectation of payment it was disappointed. Such a mistaken expectation is, however not the mistake of fact necessary to give rise to a constructive trust.

The grounds for a constructive trust not being pleaded, the Complaint should be dismissed.

SETTLE ORDER.