MT. ZION STATE BANK AND TRUST, Plaintiff-Appellant, v. LENDON WEAVER, Defendant-Appellee (Adam Lime, Inc., *et al.*, Defendants).

Fourth District   No. 4—91—0509

Opinion filed March 19, 1992.

Mariann Pogge, of Springfield, for appellant.

William F. Tracy II, James W. Cox, and Megan Paisley, all of Miller, Tracy, Braun & Wilson, Ltd., of Monticello, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On June 21, 1990, plaintiff Mt. Zion State Bank & Trust brought suit in the circuit court of Moultrie County (1) against defendant Adam Lime, Inc. (ALI), for breach of a contract to purchase real estate; and (2) against defendants Lendon Weaver and Larry Edwards for breach of personal guarantees for performance by ALI of its obligations on that contract. One law firm appeared for and filed answers on behalf of all three defendants. The court entered an order striking all defendants' affirmative defenses. On December 28, 1990, the court granted summary judgment in favor of plaintiff and against all defendants finding them jointly and severally liable to plaintiff in the sum of $32,376.25.

After certain supplementary proceedings in which plaintiff sought to collect upon the judgment, on February 27, 1991, defendant Weaver filed a verified petition pursuant to section 2—1401 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401) seeking relief from the judgment. New counsel not representing other defendants presented this petition and has represented Weaver thereafter. On April 1, 1991, plaintiff responded to Weaver's section 2—1401 petition with a pleading entitled "Response to Petition For Relief from Judgment," which attacked the sufficiency of Weaver's section 2—1401 petition and asked that the relief requested be denied. The circuit court conducted a hearing on April 3, 1991, at which no evidence was introduced. By order reduced to writing and filed on April 25, 1991, the court allowed Weaver's petition and set aside the judgment entered against Weaver. Plaintiff filed a petition for rehearing which was denied by the court on June

11, 1991. Plaintiff appeals pursuant to Supreme Court Rule 304(b)(3) (134 Ill. 2d R. 304(b)(3)). We affirm.

Section 2—1401 of the Code permits a party to obtain relief from a judgment when the petition for relief is filed after the circuit court has lost jurisdiction of the case as long as the petition is filed within two years of entry of the judgment with additional time allowed under certain circumstances. The procedure replaces such common law remedies as writs of error *coram nobis* and bills of review and is comprehensive. To obtain relief setting aside a judgment against the petitioner, the petitioner must make verified specific allegations setting forth (1) the existence of a meritorious claim or defense; and (2) exercise of due diligence by the petitioner in (a) presenting the claim or defense in the original action, and (b) presenting the section 2—1401 petition. The circuit court has substantial discretion in ruling upon such a petition, and its decision will not be set aside on review absent an abuse of that discretion. (See *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 221, 499 N.E.2d 1381, 1386.) We hold that the circuit court did not abuse its discretion here.

■ The parties do not dispute that defendant ALI had failed to make the payments required by its contract with plaintiff. The answer to plaintiff's complaint filed on behalf of Weaver denied that consideration was given for his guaranty and denied he signed the guaranty in such a way as to bind him personally. On behalf of all defendants, affirmative defenses were filed which alleged that plaintiff knew of and withheld from defendants information concerning toxic waste contamination of the property subject to the contract of sale. The theory of the defenses was that plaintiff's conduct constituted fraud and the condition of the property made the title unmarketable. Weaver's section 2—1401 petition realleged many of these defenses. Ordinarily, a defense adjudicated and rejected in the underlying action cannot be used again to satisfy the requirement of section 2—1401 that a showing be made that a meritorious defense exists. *Frandsen v. Anderson* (1969), 108 Ill. App. 2d 194, 202, 247 N.E.2d 183, 187.

One matter raised in defendants' section 2—1401 petition which had not been raised and adjudicated in the underlying action concerned the execution of the guaranty. It was on a sheet which was attached to the back of the contract which in turn was attached to plaintiff's complaint. That document stated:

*"GUARANTY*

The undersigned, for due consideration, receipt of which is hereby acknowledged, hereby jointly and severally, personally guarantee the performance of all agreements and covenants herein of ADAM LIME, INC., including but not limited to pay-

ment of the purchase price hereunder, and agree to be liable on this Agreement to the same extent as ADAM LIME, INC. No renewal or extension of time for payment under said Agreement, no delay, forbearance or omission in exercising any right or power with respect to the Agreement or enforcing any of the terms of the Agreement shall affect the liability of the undersigned. The undersigned further jointly and severally waive demand, notice of dishonor or default of ADAM LIME, INC. under the Agreement and further waive all demands and notices of any kind in connection with this Guaranty or the Agreement."

The document was then dated August 14, 1989, and contained, at the bottom, the following signatures in longhand in this order and with the first on top of the second: (1) "Larry T. Edwards—Director"; and (2) "Lendon Weaver—President." Weaver's petition asserts that his execution of that document was obtained by the fraud of one of plaintiff's agents.

In regard to the execution of the guaranty, Weaver's section 2—1401 petition alleged (1) he was an employee of another enterprise of which defendant Edwards was the principal shareholder; (2) Edwards ordered Weaver to serve as president of defendant ALI; (3) Weaver did not participate in the financial affairs, management or operation of ALI and was told he served as a "convenience" to Edwards; (4) Weaver received no compensation for serving as president; and (5) Weaver never gave permission for ALI to enter into the contract which is a subject of this litigation.

Weaver's petition further alleged (1) on or about August 14, 1989, he was present at a meeting with Edwards and John Schwander, an agent of plaintiff; (2) at that time they presented to him a separate sheet which they said was the last page of an extension of a lease; (3) they told him he was not personally liable on the document; (4) in reliance on the foregoing representations, he signed the document without reading it; (5) that document was subsequently attached to the contract upon which plaintiff has sued; (6) after that first document was signed, Edwards presented to Weaver the document entitled "Guaranty," which was on a single sheet, and demanded he sign it; (7) Edwards and Schwander both assured Weaver he would incur no personal liability from signing the guaranty; and (8) in reliance upon those representations, Weaver signed the guaranty without reading it.

As we have indicated, the only pleading plaintiff filed in opposition to the section 2—1401 petition asked for denial of the petition solely upon the basis that the petition was legally insufficient. The record does not indicate that plaintiff offered any evidence to counter the petition

nor has plaintiff complained about being unable to do so. No counteraffidavits were offered. Thus, for the purpose of our decision here, the factual allegations of the verified petition will be taken as true. Even so, the question of whether a sufficient showing of the existence of fraud involved in the execution of the guaranty is a close question, but we deem the allegations sufficient to show Weaver had a meritorious defense in that respect.

■ As plaintiff correctly points out, for fraud to be sufficient to vitiate a contract, it ordinarily must involve a misrepresentation of a material fact which induces the party defrauded to act. (*Wilkinson v. Appleton* (1963), 28 Ill. 2d 184, 187, 190 N.E.2d 727, 729.) When the fraud involves the execution of an instrument, the misrepresentations must be such as to induce the party allegedly defrauded to execute an instrument which he did not intend to execute. *Papke v. G.H. Hammond Co.* (1901), 192 Ill. 631, 635, 61 N.E. 910, 912.

If the execution of the guaranty alone was all that was involved, we probably would be ruling contrary to existing precedent if we held that fraud in the execution was shown to have occurred. The only misrepresentation which defendants' agent was stated to have made concerning the "Guaranty" was that its legal effect would not subject Weaver to personal liability. Where, as here, Weaver had full access to the "Guaranty," he would ordinarily not be permitted to rely upon representations made to him as to the legal effect of the document. *Jursich v. Arlington Heights Federal Savings & Loan Association* (1982), 110 Ill. App. 3d 847, 852, 441 N.E.2d 864, 868; *Leon v. Max E. Miller & Son, Inc.* (1974), 23 Ill. App. 3d 694, 699-700, 320 N.E.2d 256, 260; but see W. Keeton, Prosser & Keeton on Torts §109, at 758-60 (5th ed. 1984).

■ Here, the "Guaranty" document does not stand by itself because it was a guarantee for the performance of a contract. The undisputed allegation of the section 2—1401 petition is that Weaver was induced to sign that contract on the basis of a false statement made or acquiesced in by an agent of plaintiff. Unlike the alleged statements concerning the legal effect of the "Guaranty," the alleged statement in regard to the nature of the first document Weaver was requested to sign was a *statement of fact* and one which was alleged to be knowingly false. A rule that a person signing a contract is under a duty to read it and cannot complain as to misrepresentations as to its contents has long prevailed in this State. (*Leon*, 23 Ill. App. 3d at 699-700, 320 N.E.2d at 260.) The recent trend may be toward a lessening of the above rule. (See W. Keeton, Prosser & Keeton on Torts §108, at 751-52 (5th ed. 1984).) In any event, that rule is not operative here where Weaver alleged he was only shown the signature page of the contract.

■ Clearly, Weaver's liability on the "Guaranty" depended upon the validity of the underlying contract. If his execution of that contract was procured by fraud on the part of plaintiff, that fraud would vitiate not only the underlying contract but also the "Guaranty." Ever since the decision in *Ellman v. De Ruiter* (1952), 412 Ill. 285, 106 N.E.2d 350, section 2—1401 and its predecessor, section 72 of the Civil Practice Act (see Ill. Rev. Stat. 1981, ch. 110, par. 72), have been intended to have a broad scope covering many situations where, in fairness, a party should be entitled to some relief. This is such a case. We hold a sufficient showing was made that Weaver had a meritorious defense.

The record strongly indicates (1) Weaver was not dilatory in failing to charge plaintiff in the circuit court with fraud in the inducement to obtain signature, and (2) he was not dilatory in bringing his section 2—1401 petition. His justification for not proceeding earlier resulted because he was represented up to the time of the judgment for $32,376.42 by the same law firm that was representing ALI and Edwards.

Plaintiff's section 2—1401 petition alleges that on or about June 29, 1990, he was served with summons in the underlying case and "immediately" inquired of Edwards and ALI as to what he should do, and they informed him that only ALI was involved and they would obtain counsel and he need not do so and should not do so as it would jeopardize the bankruptcy reorganization status of Edwards' firm, Edwards Farm Supply Company. Weaver further alleged that the law firm representing ALI never contacted him for any purpose nor advised him, and it filed affirmative defenses on his behalf without contacting him. Weaver maintained he did not meet any member of that firm until January 1990 when the supplementary proceedings on the judgment had commenced.

■ A general rule exists which provides that in regard to the rights of an opponent, a litigant generally cannot obtain relief because of failure of his counsel to keep abreast of matters or to advise him. A rule has been stated that in regard to obtaining section 2—1401 relief a litigant has a duty to follow the case although represented by counsel. (*Gold v. Rader* (1990), 201 Ill. App. 3d 775, 559 N.E.2d 210; *Illinois Marine Towing Corp. v. Black* (1979), 74 Ill. App. 3d 909, 393 N.E.2d 707.) However, a litigant who reasonably believed an attorney was properly representing him in an action was held not responsible for the attorney's lack of diligence where the chief reason for that lack of diligence was an ongoing problem with alcohol. (*Campbell v. White* (1989), 187 Ill. App. 3d 492, 543 N.E.2d 607.) Similarly, in *Leavens, Armiros & Ross, Ltd. v. English* (1990), 203 Ill. App. 3d 16, 560 N.E.2d 1031, special consideration was given to a section 2—1401 petitioner whose attorney had died.

■ Here, the alleged conduct of trial counsel for Weaver went beyond mere lack of diligence. The allegations indicated a conflict of interest between the representation of Weaver's interest and that of Edwards. We note again that the equitable powers of the court are involved in the determination of whether section 2—1401 relief should be granted (*Ellman*, 412 Ill. at 292, 106 N.E.2d at 353-54; *Tsuetaki v. Novicky* (1983), 158 Ill. App. 3d 505, 512-13, 509 N.E.2d 1019, 1025), and the discretion vested in the circuit court when such relief is requested. The circuit court was well within its discretion in determining that Weaver exercised sufficient diligence under the circumstances alleged here.

At the hearing on plaintiff's motion for rehearing as to the section 2—1401 petition, plaintiff presented the testimony of Stephen P. Myers, an attorney, who testified that he had been an attorney for Weaver. The trial court overruled Weaver's objection to the testimony based upon Weaver's contention that the testimony violated his attorney-client privilege. The substance of the testimony was that Weaver had contacted him after being sued and he advised Weaver he could be held liable on the "Guaranty" but that Weaver chose not to hire him. This testimony, if permissible to be considered, goes entirely to Weaver's diligence and does not concern the viability of his defense. We do not deem the evidence to negate the equity in Weaver's position that he was assuming the firm hired by Edwards would look out for and protect Weaver's interest. The court did not err in denying the motion to reconsider.

We affirm the orders granting the section 2—1401 relief vacating the judgment as to Weaver and denying plaintiff's request for rehearing. The case may now proceed on its merits.

Affirmed.

KNECHT and COOK, JJ., concur.